SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
Pritee K. Thakarsey (SBN 266168)
pthakarsey@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
THE INTERPUBLIC GROUP OF COMPANIES, INC.
& DRAFTFCB, INC.

**ORIGINAL**
**FILED**

NOV 2 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

JSC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**C 12      6063**

BRENDAN McPHILLIPS, an individual,
LEONARD SHARLET, an individual, JOHN
BRUSHWOOD, an individual, and EVAN
FRANCO, an individual,

Plaintiffs,

v.

THE INTERPUBLIC GROUP OF COMPANIES,
INC., a Delaware Corporation; DRAFTFCB, INC.,
a Delaware Corporation; and DOES 1 through 50,
inclusive,

Defendants.

Case No.

**NOTICE TO UNITED STATES DISTRICT COURT AND TO PLAINTIFFS OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that The Interpublic Group of Companies, Inc. and Draftfcb, Inc.

(collectively "Defendants"), hereby remove the above-referenced action filed by Brendan McPhillips,

Leonard Sharlet, John Brushwood, and Evan Franco ("Plaintiffs") from the Superior Court of the State

of California for the County of San Francisco, to the United States District Court for the Northern

District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal

jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. section 1332, and state that

the removal is proper for the following reasons:

1

## BACKGROUND

1.      This removal involves an action that was filed in the Superior Court of the State of California for the County of San Francisco, entitled *Brendan McPhillips, an individual, Leonard Sharlet, and individual, John Brushwood, and individual, and Evan Franco an individual v. The Interpublic Group of Companies, Inc., a Delaware Corporation, Draftfcb, Inc., a Delaware Corporation, and Does 1-25, inclusive,* Case No. CGG-12-524135.  A true and correct copy of the Summons, Complaint, Civil Cover Sheet, Notice of Case Management Conference, Alternative Dispute Resolution Program Information Package, Summons on First Amended Complaint, and First Amended Complaint, in this action are attached hereto and incorporated by reference as Exhibit A.  *See* Declaration of Dana Peterson ("Peterson Decl."), ¶ 2.  A true and correct copy of the written discovery requests served on Defendants (including Form Interrogatories - General, Form Interrogatories - Employment, Special Interrogatories, and Demand for Inspection and Production of Documents and Tangible Things) from all Plaintiffs, in this action are attached hereto and incorporated by reference as Exhibit B.  *See* Peterson Decl., ¶ 3.

2.      Plaintiffs filed their initial Complaint on September 12, 2012.  *See* Peterson Decl., ¶ 2.  Thereafter, Plaintiffs filed their First Amended Complaint on October 29, 2012.  *Id.*

3.      Defendant The Interpublic Group of Companies (Defendant "IPG") was served with the Summons, Complaint, Civil Cover Sheet, Notice of Case Management Conference, Alternative Dispute Resolution Program Information Package, Summons on First Amended Complaint, and First Amended Complaint on November 2, 2012.  *See* Peterson Decl., ¶ 2.  Defendants filed an Answer to the First Amended Complaint on November 27, 2012, a true and correct copy of which is attached hereto and incorporated by reference as Exhibit C.  *See* Peterson Decl., ¶ 4.

4.      The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

## JURY DEMAND

5.      Plaintiff demanded a jury trial.  *See* Exhibit A ("First Amended Complaint").

**TIMELINESS OF REMOVAL**

6.     This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of purported service upon Defendants.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

**PROCEEDINGS IN STATE COURT**

7.     As of the date of this filing, there is a case management conference scheduled in San Francisco County Superior Court for the state court action on February 13, 2013.  Exhibits "A," "B" and "C" attached hereto constitute all of the documents that have been served on Defendants and/or have been filed by Defendants in the state court action prior to filing this Notice of Removal.

**DIVERSITY JURISDICTION**

8.     This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant section 28 U.S.C. section 1441(a) because the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.  Specifically, each Plaintiff seeks compensatory damages (including loss of earnings and earnings capacity, double-damages on the First Cause of Action, and mental and emotional distress damages), special damages, punitive damages, and attorney's fees and costs.  *See* Exhibit A, First Amended Complaint.

9.     Plaintiffs' Citizenships.  Plaintiffs are, and at the institution of this civil action, were citizens of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiffs Brendan McPhillips, Leonard Sharlet, and John Brushwood have been domiciled in California since on or before March 2011, when they began their employments with Defendants.  *See* Exhibit A, First Amended Complaint, ¶¶ 3-5, 15-16.  Plaintiff Evan Franco has been domiciled in California since on or before August 2011, when he began his employment with Defendants.  *See* Exhibit A, First Amended Complaint, ¶¶ 6, 15, 17.  A party's residence is prima facie evidence of his/her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10.     Defendants Citizenships.  Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendants IPG and Draftfcb, are now, and ever since this action commenced have been, incorporated under the laws of the State of Delaware.  See Exhibit A, First Amended Complaint ¶ 7; Declaration of Eileen McCarthy ("McCarthy Decl."), ¶ 2, 5; Declaration of Ileana H. Kutler ("Kutler Decl."), ¶ 3.  Defendants IPG and Draftfcb principal places of business are in New York, New York.  See McCarthy Decl., ¶ 2, 5; Kutler Decl., ¶ 3.

11.     Defendants IPG and Draftfcb's principal places of business are New York, New York because the appropriate test to determine a corporation's principal place of business is the "nerve center" test.  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  Id.  Since New York is the site of Defendants corporate headquarters and executive offices, and the state in which Defendants high level officers direct, control, and coordinate Defendants' activities, Defendants "nerve center" is in New York.  Accordingly, Defendants IPG and Draftfcb are, and have been at all times since this action commenced, citizens of New York.

## AMOUNT IN CONTROVERSY

12.     While Defendants deny any liability as to Plaintiffs claims, the amounts in controversy requirement is satisfied because, based on a preponderance of the evidence, the amounts in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00 based on the allegations, claims, and prayer for relief set forth in the First Amended Complaint.

13.     In this case, Plaintiffs do not allege the amounts in controversy.  An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).  To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  If two or more plaintiffs have separate and distinct demands in a single suit,

4

1    then each plaintiff's claims must meet the requisite jurisdictional amount. *Pinel v. Pinel*, 36 S. Ct. 416,

2    417 (1916).

3         14.    In determining the amount in controversy, the Court must consider the aggregate of

4    general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*,

5    142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in

6    controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual*

7    *Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken

8    into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994

9    F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special

10   damages).

11        15.    Plaintiffs are seeking loss of earnings and earning capacity since their terminations on

12   October 2011.  For their First Cause of Action, Plaintiffs are seeking "double-damages" under California

13   Labor Code section 972.  *Id.*, ¶ 28.  Plaintiffs allege that Defendants promised continued employment

14   "through the end of 2012."  *See* Exhibit A, First Amended Complaint, ¶ 14.  Plaintiff Brendan

15   McPhillips' yearly compensation as of March 28, 2011 was $45,000, Plaintiffs Leonard Sharlet and

16   John Brushwood's yearly compensation as of March 28, 2011 was $50,000, and Plaintiff Evan Franco's

17   yearly compensation as of August 10, 2011 was $50,000.  *See* McCarthy Decl., ¶ 3, 4.  Accordingly,

18   given their annual salaries and their claim for more than one year of wage loss, times two (double-

19   damages), the amount of damages that each Plaintiff individually seeks exceeds $75,000.00 each even

20   before factoring in attorneys' fees and emotional distress damages.

21        16.    Plaintiffs are also seeking mental and emotional distress damages, and punitive damages

22   under California Civil Code section 3294.  *See*, Exhibit A, First Amended Complaint, ¶¶ 29, 30, 40, 63,

23   64.

24        17.    Requests for attorney's fees must be considered in ascertaining the amount in

25   controversy.  *See Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in

26   controversy, regardless of whether award is discretionary or mandatory).  Plaintiffs claim a right to

27   attorneys' fees under California's Private Attorney General Act of 2004.  *See* Exhibit A, First Amended

28

1  Complaint, ¶ 68 and prayer for judgment, number 6.  If successful at trial, each would be entitled to an

2  award of attorneys' fees that itself would likely exceed $75,000.00.

3      18.    For each of the foregoing reasons, while Defendants deny any liability as to Plaintiffs'

4  claims, it is now "more likely than not" that the amount in controversy exceeds $75,000.00, exclusive of

5  interest and costs, as required by 28 U.S.C. section 1332(a).

6  <div align="center">**VENUE**</div>

7      20.    Venue lies in this Court pursuant to 28 U.S.C. section 1441(a), as this action originally

8  was brought in the Superior Court of the State of California, County of San Francisco.

9  <div align="center">**CONSENT TO REMOVAL**</div>

10      21.    Defendants, IPG and Draftfcb, are all jointly represented by Seyfarth Shaw, LLP and

11  have consented to removal.  *See* Peterson Decl. ¶ 5.

12  <div align="center">**NOTICE OF REMOVAL**</div>

13      22.    Notice of this notice of removal will promptly be served on Plaintiffs and the Clerk of the

14  Superior Court of the State of California in and for the County of San Francisco.

15      WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the

16  State of California, County of San Francisco to the United States District Court for the Northern District

17  of California.

18

19  DATED: November 29, 2012          Respectfully submitted,

20            SEYFARTH SHAW LLP

21

22            By: _____

23               Dana L. Peterson
             Pritee K. Thakarsey

24            Attorneys for Defendant
          THE INTERPUBLIC GROUP OF COMPANIES,

25            INC. & DRAFTFCB, INC.

26

27

28

<div align="center">6</div>

15046380v.1 / 24414-000031

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="text-align:right">**SUM-100**</div>

**NOTICE TO DEFENDANT:** THE INTERPUBLIC GROUP OF
*(AVISO AL DEMANDADO):* COMPANIES, INC., a Delaware Corporation;
DRAFTFCB, INC., a Delaware Corporation; and DOES 1 through 50,
inclusive.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** BRENDAN McPHILLIPS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, LEONARD
SHARLET, an individual, JOHN BRUSHWOOD, an individual, and
EVAN FRANCO, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| San Francisco County Superior Court | CGC-12-524155 |
| 400 McAllister Street | |
| 400 McAllister Street | |
| San Francisco, California 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. deRubertis (SBN 208709)          818.761.2322     818.761.2323
The deRubertis Law Firm, PLC
4219 Coldwater Canyon Avenue
Studio City, California 91604

CLERK OF THE COURT          **D. STEPPE**

| | | |
|---|---|---|
| DATE: September 11, 2012 | Clerk, by _____ | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

<div style="text-align:right">Page 1 of 1</div>

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | Legal Solutions Plus |
| SUM-100 [Rev. July 1, 2009] | | |

1  David M. deRubertis, State Bar No. 208709
2  Tyler F. Clark, State Bar No. 258309
   **The deRubertis Law Firm, PLC**
   4219 Coldwater Canyon Avenue
3  Studio City, California 91604
   Telephone:  (818) 761-2322
4  Facsimile:  (818) 761-2323
   E-Mail: David@deRubertisLaw.com
5  E-Mail: Tyler@deRubertisLaw.com

6  Attorneys for Plaintiffs
   Brendan McPhillips, Leonard Sharlet,
7  John Brushwood and Evan Franco

**F I L E D**
Superior Court of California
County of San Francisco

SEP 1 2 2012

CLERK OF THE COURT
BY: _____
       Deputy Clerk

**SUMMONS ISSUED**

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10

11 BRENDAN McPHILLIPS, an individual,      Case No.: **C G C - 1 2 - 5 2 4 1 3 5**
   LEONARD SHARLET, an individual,
11 JOHN BRUSHWOOD, an individual, and      **COMPLAINT FOR:**
12 EVAN FRANCO, an individual,
                                            (1) Solicitation of Employee by
13          Plaintiffs,                     Misrepresentation (Labor Code §970);
                                            (2) Fraud and Deceit;
14     v.                                   (3) Negligent Misrepresentation;
                                            (4) Promissory Estoppel;
15 THE INTERPUBLIC GROUP OF                 (5) Breach of Oral Contract; and
   COMPANIES, INC., a Delaware Corporation; (6) Wrongful Termination in Violation of
16 DRAFTFCB, INC., a Delaware Corporation;  Public Policy.
   and DOES 1 through 50, inclusive,
17                                          **JURY TRIAL DEMAND**
          Defendants.
18

19

20     Plaintiffs, BRENDAN McPHILLIPS, LEONARD SHARLET, JOHN BRUSHWOOD, and

21 EVAN FRANCO, as individuals, hereby allege against Defendants, THE INTERPUBLIC GROUP

   OF COMPANIES, INC., DRAFTFCB, INC.; and DOES 1 through 50, inclusive, as follows:
22

23                          **GENERAL ALLEGATIONS**

24     1.     The true names, identities, or capacities whether individual, corporate, associate, or

25 otherwise, of Defendants, DOES 1 through 50, inclusive, are unknown to the Plaintiffs, who

26 therefore sue said Defendants by such fictitious names.  When the true names, identities or

27 capacities of such fictitiously designated Defendants are ascertained, Plaintiffs will ask leave of

28

                                    - 1 -
                                  **COMPLAINT**

**FILED BY FAX**

1    this Court to amend this Complaint and to insert said true names, identities, and capacities,

2    together with the proper charging allegations.

3        2.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

4    sued herein as a DOE is responsible in some manner and liable herein for negligent, wanton,

5    reckless, and tortuous conduct, strict liability, and by such wrongful conduct, proximately caused

6    the Plaintiffs' injuries and damages.

7        3.    At relevant times mentioned herein, Plaintiff, BRENDAN McPHILLIPS, was

8    employed by Defendants and worked in Visalia, California and the surrounding areas.

9        4.    At relevant times mentioned herein, Plaintiff, LEONARD SHARLET, was

10    employed by Defendants and worked for Defendants in Visalia, California and the surrounding

11    areas.

12        5.    At relevant times mentioned herein, Plaintiff, JOHN BRUSHWOOD, was

13    employed by Defendants and worked for Defendants in San Francisco, California and the

14    surrounding areas.

15        6.    At relevant times mentioned herein, Plaintiff, EVAN FRANCO, was employed

16    by Defendants and worked for Defendants in Santa Ana, California and the surrounding areas.

17        7.    Defendants THE INTERPUBLIC GROUP OF COMPANIES, INC., DRAFTFCB,

18    INC. and DOES 1 through 25, inclusive, were corporations, associations, partnerships, contractors,

19    joint ventures, or other business entities, organized and existing under the laws of the State of

20    Delaware and at all times herein mentioned conducted business in the State of California, and

21    made promises and/or representations that give rise to this lawsuit including in the County of San

22    Francisco. Defendants DOES 26 through 50 were individuals who were the agents, employees,

23    supervisors, members, volunteers, servants, partners, representatives, independent contractors,

24    joint venturers or other participants with or of Defendants THE INTERPUBLIC GROUP OF

25    COMPANIES, INC., DRAFTFCB, INC. and DOES 1 through 25, and in doing the things

26    hereinafter mentioned, were acting within the course and scope of said agency, employment,

27    membership or other relationship with said Defendants.

28

- 2 -
**COMPLAINT**

8.      Plaintiffs are informed, and believe, and thereon allege that, at all times relevant, each of the Defendants was acting as an agent, joint venturer, joint employer, co-employer, integrated enterprise, parent/subsidiary, and/or alter ego for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein such that each is responsible for the acts of the other.

9.      Likewise, Plaintiffs are further informed, and believe and thereon allege that Defendant THE INTERPUBLIC GROUP OF COMPANIES, INC., exercised sufficient control over Defendant DRAFTFCB, INC. and over the terms and conditions of Plaintiffs' employment with Defendant DRAFTFCB, INC. so as to be an "employer" under the law and subject to liability for the wrongful conduct alleged herein on that basis.

10.     At all times herein mentioned, Defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the agents, employees, servants, partners, independent contractors, joint venturers and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers, and with the consent and permission of the co-Defendants, and each of them.

11.     Plaintiffs name said Defendants herein, and each of them, because Plaintiffs are in doubt and does not know exactly from which of the said Defendants Plaintiffs are entitled to redress in light of the fact that the injuries and damages to Plaintiffs herein alleged were caused by the combined negligence of all of the Defendants, or one or more of them.  For that reason, Plaintiffs name all of the said Defendants, and asks that the Court determine the liability of each and all of the said Defendants in this action and to what extent and what responsibility falls upon each of said Defendants, and that the Court award judgment to Plaintiffs as against such or all Defendants, either jointly or separately, as may be found liable.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12.     On or about October 14, 2010 the California Public Utilities Commission ("CPUC") unveiled Engage 360, a new brand name and web portal for statewide use to increase consumer awareness of and participation in energy-saving activities.  The brand was launched in

- 3 -
COMPLAINT

1   September 2010 via a $60 million investor-owned utility Statewide Marketing, Education &

2   Outreach 2010-2012 energy efficiency program implemented by DRAFTFCB, INC.

3        13.   In early 2011, Defendants began recruiting Plaintiffs Brendan McPhillips, Leonard

4   Sharlet and John Brushwood for positions as Assistant Community Managers.  In or around July

5   2011, Defendants began recruiting Plaintiff Evan Franco for the same position.  All the positions

6   were located throughout California, including in San Francisco, Visalia and Santa Ana.

7        14.   During the hiring process, Defendants affirmatively represented to each Plaintiff

8   that Engage 360 was fully funded through at least the end of 2012 and, therefore, the positions

9   Plaintiffs were offered and being hired into were fully funded through the end of 2012.  Plaintiffs

10   were also provided literature stating the same.  This was a major selling point to Plaintiffs.

11        15.   Based on the Defendants' representations that their positions and the program was

12   fully funded through the end of 2012, Plaintiffs changed their residences and in some cases moved

13   their lives across the country and turned down other job opportunities to accept employment with

14   Defendants.

15        16.   On or about March 28, 2011, Plaintiffs Brendan McPhillips, Leonard Sharlet and

16   John Brushwood began their employment with Defendants.

17        17.   On or about August 11, 2011, Plaintiff Evan Franco began his employment with

18   Defendants.

19        18.   In or about October 2011, Plaintiffs were called into meetings and informed that

20   each of them were being laid off.  Defendants then explained to Plaintiffs that the project no longer

21   had funding – a fact contrary to the express promise of a fully funded program through the

22   conclusion of 2012 made at in the hiring process to recruit Plaintiffs to accept employment.

23

24   **FACTS RELEVANT TO PRIVATE ATTORNEY GENERAL ACT CLAIMS**

25        19.   Plaintiffs bring a portion of this lawsuit on behalf of themselves and all other

26   aggrieved employees who suffered from the violations alleged herein under the Labor Code

27   Private Attorney General Act of 2004 (Cal. Labor Code §2698, et seq.).

28

**COMPLAINT**

1    20.    Plaintiffs, BRENDAN MCPHILLIPS, LEONARD SHARLET, JOHN

2    BRUSHWOOD and EVAN FRANCO have given written notice to Defendants the

3    INTERPUBLIC GROUP OF COMPANIES, INC. and DRAFTFCB, INC. and the California

4    Labor and Workforce Development Agency (LWDA) by letters specifying the Labor Codes

5    violated and describing the facts and theories to support the particular violations.  Plaintiffs gave a

6    written notice on or about September 10, 2012.

7    21.    Plaintiffs intend to amend their complaint to include remedies under the Private

8    Attorney General Act of 2004 if the LWDA either: (1) informs Plaintiffs of its intent not to

9    investigate their claims or (2) fails to inform Plaintiffs of its intent to investigate their claims

10   within thirty-three (33) days from September 10, 2012.

11

12   ## FIRST CAUSE OF ACTION FOR SOLICITATION OF AN

13   ## EMPLOYEE BY MISREPRESENTATION (LABOR CODE §970)

14   ### AGAINST ALL DEFENDANTS

15   22.    Plaintiffs restate and incorporate by reference each and every allegation contained

16   in paragraphs 1 through 21, inclusive, as though fully set forth herein.

17   23.    Defendants made representations to Plaintiffs regarding the kind, character, or

18   existence of work and/or the length of time the work would last.

19   24.    Defendants representations were not true.

20   25.    Defendants knew when the representations were made that they were not true.

21   26.    Defendants intended that Plaintiffs rely on the representations.

22   27.    Plaintiffs reasonably relied on Defendants' representations and changed their

23   residences for the purpose of working for Defendants.

24   28.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs

25   have lost and will continue to lose income, benefits, and other damages in an amount to be proven

26   at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest

27   pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

28

- 5 -
**COMPLAINT**

1   interest. Under Labor Code section 972, Plaintiffs are entitled to "double damages" resulting from

2   the misrepresentations.

3        29.    As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for

4   mental and emotional distress and aggravation in an amount to be proven at the time of trial.

5        30.    The above described acts of Defendants, by and through their managing agents,

6   officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

7   manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and

8   their rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the

9   meaning of Civil Code section 3294. Plaintiffs request an assessment of punitive damages against

10   Defendants, in an amount to be proven at time of trial.

11        31.    As a proximate result of the foregoing conduct, which violated the provisions of

12   Labor Code section 970 , Plaintiffs have been forced to and will incur attorney's fees and costs in

13   the prosecution of this claim, in an amount to be proved at trial. Plaintiffs are in the process of

14   exhausting their administrative remedies under the Labor Code Private Attorney Generals Act of

15   2004 (Labor Code section 2698, et seq.) as indicated herein, and will amend this Complaint upon

16   exhaustion to plead all rights and remedies available under this Act, including the recovery of

17   attorney's fees for a proven violation of Labor Code section 970.

18

19                     **SECOND CAUSE OF ACTION FOR FRAUD AND**

20                        **DECEIT AGAINST ALL DEFENDANTS**

21        32.    Plaintiffs restate and incorporate by reference each and every allegation contained

22   in paragraphs 1 through 31, inclusive, as though fully set forth herein.

23        33.    Defendants represented to Plaintiffs that an important fact was true, or that

24   Defendants intentionally failed to disclose an important fact to Plaintiffs, or that Defendants

25   disclosed some facts to Plaintiffs but intentionally failed to disclose other important facts, making

26   the disclosure deceptive, or that Defendants intentionally failed to disclose an important fact that

27   was known only to it and that Plaintiffs could not have discovered.

28

**COMPLAINT**

34.     Defendants representations were false, and/or Plaintiffs were unaware of those material facts concealed by Defendants.

35.     Defendants knew that the representations were false when they were made, or that Defendants made the representations recklessly and without regard for its truth.  Moreover, Defendants knew that the concealed facts were material to Plaintiffs' decisions, yet failed to disclose them.

36.     Defendants intended that Plaintiffs rely on Defendants' representations, or that Defendants intended to deceive Plaintiffs by concealing the material facts.

37.     Plaintiffs reasonably relied on Defendants' representations and/or deception.

38.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

39.     As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

40.     The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and their rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiffs request an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION FOR NEGLIGENT
## MISREPRESENTATION AGAINST ALL DEFENDANTS

41.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.     Defendants represented to Plaintiffs that important facts were true.

43.   Defendants representations were not true.

44.   Defendants had no reasonable grounds for believing that its representations were true when they were made.

45.   Defendants intended that Plaintiffs rely on the representations.

46.   Plaintiffs reasonably relied on Defendants' representations.

47.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

48.   As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

## FOURTH CAUSE FOR PROMISSORY ESTOPPEL

## AGAINST ALL DEFENDANTS

49.   Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.   Defendants made promises to Plaintiffs.

51.   Plaintiffs relied on the promises made by Defendants to their detriment.

52.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

**COMPLAINT**

## FIFTH CAUSE OF ACTION FOR BREACH OF ORAL
## CONTRACT AGAINST ALL DEFENDANTS

53.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.    Plaintiffs and Defendants entered into a contract.

55.    Plaintiffs did all, or substantially all, of the significant things that the contract required them to do, or that Plaintiffs were excused from doing those things.

56.    All of the conditions required by the contract for Defendants' performance had occurred or were excused.

57.    Defendants failed to do something that the contract required it to do, or that Defendant did something that the contract prohibited it from doing.

58.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

## SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS

59.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.    Defendants discharged Plaintiffs.

61.    As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.  Said laws, which establish these fundamental public policies include, without limitation: California Labor Code sections 970 and 971; and the California Constitution.

62.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven

- 9 -
**COMPLAINT**

1    at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest

2    pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

3    interest.

4         63.      As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for

5    mental and emotional distress and aggravation in an amount to be proven at the time of trial.

6         64.      The above described acts of Defendants, by and through their managing agents,

7    officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

8    manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and

9    their rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the

10   meaning of Civil Code section 3294.  Plaintiffs request an assessment of punitive damages against

11   Defendants, in an amount to be proven at time of trial.

12

13       **WHEREFORE**, Plaintiffs pray judgment against the Defendants, and each of them, as

14   follows:

15       1.      For general and special damages according to proof;

16       2.      For loss of earnings and earning capacity and/or other economic damages,

17   according to proof, including double-damages on the First Cause of Action;

18       3.      For pre-judgment interest to the extent allowed by law;

19       4.      For costs of suit incurred herein;

20       5.      For punitive and/or exemplary damages in an amount to punish Defendants;

21       6.      For attorney's fees in prosecuting this action on the First Cause of Action (after

22   amendment to include remedies under the Labor Code Private Attorneys General Act of 2004);

23   and

24   ///

25   ///

26   //

27   ///

28   ///

<div align="center">- 10 -<br>
<b>COMPLAINT</b></div>

1      7.      For such other and further relief as the Court deems just and proper.

2

3    DATED: September 11, 2012              The deRubertis Law Firm, PLC

4
                                           By
5                                             David M. deRubertis, Esq.
                                              Tyler F. Clark, Esq.
6                                             Attorneys for Plaintiffs
                                              Brendan McPhillips, Leonard Sharlet,
7                                             John Brushwood, and Evan Franco

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -
**COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

3

4

DATED: September 11, 2012          **The deRubertis Law Firm, PLC**

5

By _____
David M. deRubertis, Esq.

6

Tyler F. Clark, Esq.
Attorneys for Plaintiffs

7

Brendan McPhillips, Leonard Sharlet,
John Brushwood, and Evan Franco

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -
**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

David M. deRubertis (SBN 208709)
Tyler F. Clark (SBN 258309)
The deRubertis Law Firm, PLC
4219 Coldwater Canyon Avenue
Studio City, California 91604
TELEPHONE NO.: 818.761.2322    FAX NO.: 818.761.2323
ATTORNEY FOR (Name): Plaintiffs Brendan McPhillips, et al.

FOR COURT USE ONLY

F I L E D
Superior Court of California
County of San Francisco

SEP 1 2 2012

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: BRENDAN McPHILLIPS, et al. v. THE INTERPUBLIC
GROUP OF COMPANIES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: C G C - 1 2 - 5 2 4 1 3 5 |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): (8) Eight
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 11, 2012

David M. deRubertis (SBN 208709)
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions ⊕ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

# FILED BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

CASE NUMBER: CGC-12-524135  BRENDAN MC PHILLIPS et al VS. THE INTERPUBLIC GRO

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    FEB-13-2013

TIME:    10:30AM

PLACE:   Department 610
         400 McAllister Street
         San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# MEDIATION SERVICES



THE BAR ASSOCIATION OF SAN FRANCISCO

Voted one of the top ADR Providers in The Recorder's "Best of the Bay" poll 2010 & 2011

"This was the third attempt to mediate his case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager
Rainwater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Compagnoli, Abelson & Compagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS



# QUALITY · EXPERIENCE

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established practices who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours at a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION

 **Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package** 

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3876

*Or, visit the court ADR website at* www.sfsuperiorcourt.org

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at no cost up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

ADR-1  07/12 (jb)                    Page 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

1)     The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐     **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐     **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐     **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐     **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐     Other ADR process (describe) _____

2)     The parties agree that the ADR Process shall be completed by (date): _____

3)     Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐     *Additional signature(s) attached*

ADR-2  07/12       STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**
Date:          Time:          Dept.:          Div.:          Room:
Address of court *(if different from the address above)*:
☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use          **CASE MANAGEMENT STATEMENT**          Page 1 of 5
Judicial Council of California                                    Cal. Rules of Court,
CM-110 [Rev. July 1, 2011]                                    rules 3.720–3.730
                                                              www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐  (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  **Jury or nonjury trial**
    The party or parties request  ☐  a jury trial  ☐  a nonjury trial.  (If more than one party, provide the name of each party requesting a jury trial):

6.  **Trial date**
    a.  ☐  The trial has been set for (date):
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

    c.  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take (check one):
    a.  ☐  days (specify number):
    b.  ☐  hours (short causes) (specify):

8.  **Trial representation** (to be answered for each party)
    The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                          f.  Fax number:
    e.  E-mail address:                            g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference (specify code section):

10. **Alternative dispute resolution (ADR)**
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel  ☐  has  ☐  has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

    b.  Referral to judicial arbitration or civil action mediation (if available).

        (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

**CASE MANAGEMENT STATEMENT**

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]   **CASE MANAGEMENT STATEMENT**   Page 3 of 5

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**17. Economic litigation**

     a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

     b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

     ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

     a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

     b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 5 of 5

**SUMMONS** on First Amended Complaint
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** THE INTERPUBLIC GROUP OF
*(AVISO AL DEMANDADO):* COMPANIES, INC., a Delaware Corporation;
DRAFTFCB, INC., a Delaware Corporation; and DOES 1 through 50,
inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** BRENDAN McPHILLIPS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, LEONARD
SHARLET, an individual, JOHN BRUSHWOOD, an individual, and
EVAN FRANCO, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court
400 McAllister Street
400 McAllister Street
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):*
CGC-12-524135

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. deRubertis (SBN 208709)         818.761.2322        818.761.2323
The deRubertis Law Firm, PLC
4219 Coldwater Canyon Avenue
Studio City, California 91604

DATE: OCT 19 2012                                Clerk, by _____, Deputy
*(Fecha)*                                         *(Secretario)*        CAROLYN BALISTRERI    *(Adjunto)*

CLERK OF THE COURT

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   The Interpublic Group of Companies, Inc., a Delaware corporation
3. ☑ on behalf of (specify):

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

1   David M. deRubertis, State Bar No. 208709
2   Tyler F. Clark, State Bar No. 258309
    The deRubertis Law Firm, PLC
3   4219 Coldwater Canyon Avenue
    Studio City, California 91604
4   Telephone:    (818) 761-2322
    Facsimile:    (818) 761-2323
5   E-Mail:  David@deRubertisLaw.com
    E-Mail:  Tyler@deRubertisLaw.com
6
    Attorneys for Plaintiffs
7   Brendan McPhillips, Leonard Sharlet,
    John Brushwood and Evan Franco
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                  FOR THE COUNTY OF SAN FRANCISCO
11  BRENDAN McPHILLIPS, an individual,        )   Case No.: CGG-12-524135
    LEONARD SHARLET, an individual,           )
12  JOHN BRUSHWOOD, an individual, and        )   FIRST AMENDED COMPLAINT FOR:
    EVAN FRANCO, an individual,               )
13                                            )   (1) Solicitation of Employee by
            Plaintiffs,                       )   Misrepresentation (Labor Code §970);
14                                            )   (2) Fraud and Deceit;
        v.                                    )   (3) Negligent Misrepresentation;
15                                            )   (4) Promissory Estoppel;
    THE INTERPUBLIC GROUP OF                  )   (5) Breach of Oral Contract;
16  COMPANIES, INC., a Delaware Corporation;  )   (6) Wrongful Termination in Violation of
    DRAFTFCB, INC., a Delaware Corporation;   )   Public Policy; and
17  and DOES 1 through 50, inclusive,         )   (7) Remedies under Labor Code Private
                                              )   Attorney Generals Act of 2004 (Labor Code
18                                            )   §2698, et seq.).
            Defendants.                       )
19                                            )   JURY TRIAL DEMAND
20
21       Plaintiffs, BRENDAN McPHILLIPS, LEONARD SHARLET, JOHN BRUSHWOOD, and
22  EVAN FRANCO, as individuals, hereby allege against Defendants, THE INTERPUBLIC GROUP
23  OF COMPANIES, INC., DRAFTFCB, INC.; and DOES 1 through 50, inclusive, as follows:
24
25                          GENERAL ALLEGATIONS
26       1.    The true names, identities, or capacities whether individual, corporate, associate, or
27  otherwise, of Defendants, DOES 1 through 50, inclusive, are unknown to the Plaintiffs, who
28  therefore sue said Defendants by such fictitious names.  When the true names, identities or

                                    - 1 -
                          FIRST AMENDED COMPLAINT

**FILED BY FAX**

1    capacities of such fictitiously designated Defendants are ascertained, Plaintiffs will ask leave of

2    this Court to amend this Complaint and to insert said true names, identities, and capacities,

3    together with the proper charging allegations.

4         2.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

5    sued herein as a DOE is responsible in some manner and liable herein for negligent, wanton,

6    reckless, and tortuous conduct, strict liability, and by such wrongful conduct, proximately caused

7    the Plaintiffs' injuries and damages.

8         3.    At relevant times mentioned herein, Plaintiff, BRENDAN McPHILLIPS, was

9    employed by Defendants and worked in Visalia, California and the surrounding areas.

10        4.    At relevant times mentioned herein, Plaintiff, LEONARD SHARLET, was

11   employed by Defendants and worked for Defendants in Visalia, California and the surrounding

12   areas.

13        5.    At relevant times mentioned herein, Plaintiff, JOHN BRUSHWOOD, was

14   employed by Defendants and worked for Defendants in San Francisco, California and the

15   surrounding areas.

16        6.    At relevant times mentioned herein, Plaintiff, EVAN FRANCO, was employed

17   by Defendants and worked for Defendants in Santa Ana, California and the surrounding areas.

18        7.    Defendants THE INTERPUBLIC GROUP OF COMPANIES, INC., DRAFTFCB,

19   INC. and DOES 1 through 25, inclusive, were corporations, associations, partnerships, contractors,

20   joint ventures, or other business entities, organized and existing under the laws of the State of

21   Delaware and at all times herein mentioned conducted business in the State of California, and

22   made promises and/or representations that give rise to this lawsuit including in the County of San

23   Francisco.  Defendants DOES 26 through 50 were individuals who were the agents, employees,

24   supervisors, members, volunteers, servants, partners, representatives, independent contractors,

25   joint venturers or other participants with or of Defendants THE INTERPUBLIC GROUP OF

26   COMPANIES, INC., DRAFTFCB, INC. and DOES 1 through 25, and in doing the things

27   hereinafter mentioned, were acting within the course and scope of said agency, employment,

28   membership or other relationship with said Defendants.

- 2 -
**FIRST AMENDED COMPLAINT**

8.    Plaintiffs are informed, and believe, and thereon allege that, at all times relevant, each of the Defendants was acting as an agent, joint venturer, joint employer, co-employer, integrated enterprise, parent/subsidiary, and/or alter ego for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein such that each is responsible for the acts of the other.

9.    Likewise, Plaintiffs are further informed, and believe and thereon allege that Defendant THE INTERPUBLIC GROUP OF COMPANIES, INC., exercised sufficient control over Defendant DRAFTFCB, INC. and over the terms and conditions of Plaintiffs' employment with Defendant DRAFTFCB, INC. so as to be an "employer" under the law and subject to liability for the wrongful conduct alleged herein on that basis.

10.    At all times herein mentioned, Defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the agents, employees, servants, partners, independent contractors, joint venturers and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers, and with the consent and permission of the co-Defendants, and each of them.

11.    Plaintiffs name said Defendants herein, and each of them, because Plaintiffs are in doubt and does not know exactly from which of the said Defendants Plaintiffs are entitled to redress in light of the fact that the injuries and damages to Plaintiffs herein alleged were caused by the combined negligence of all of the Defendants, or one or more of them.  For that reason, Plaintiffs name all of the said Defendants, and asks that the Court determine the liability of each and all of the said Defendants in this action and to what extent and what responsibility falls upon each of said Defendants, and that the Court award judgment to Plaintiffs as against such or all Defendants, either jointly or separately, as may be found liable.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    On or about October 14, 2010 the California Public Utilities Commission ("CPUC") unveiled Engage 360, a new brand name and web portal for statewide use to increase

- 3 -

**FIRST AMENDED COMPLAINT**

1  consumer awareness of and participation in energy-saving activities.  The brand was launched in
2  September 2010 via a $60 million investor-owned utility Statewide Marketing, Education &
3  Outreach 2010-2012 energy efficiency program implemented by DRAFTFCB, INC.

4    13.    In early 2011, Defendants began recruiting Plaintiffs Brendan McPhillips, Leonard
5  Sharlet and John Brushwood for positions as Assistant Community Managers.  In or around July
6  2011, Defendants began recruiting Plaintiff Evan Franco for the same position.  All the positions
7  were located throughout California, including in San Francisco, Visalia and Santa Ana.

8    14.    During the hiring process, Defendants affirmatively represented to each Plaintiff
9  that Engage 360 was fully funded through at least the end of 2012 and, therefore, the positions
10  Plaintiffs were offered and being hired into were fully funded through the end of 2012.  Plaintiffs
11  were also provided literature stating the same.  This was a major selling point to Plaintiffs.

12    15.    Based on the Defendants' representations that their positions and the program was
13  fully funded through the end of 2012, Plaintiffs changed their residences and in some cases moved
14  their lives across the country and turned down other job opportunities to accept employment with
15  Defendants.

16    16.    On or about March 28, 2011, Plaintiffs Brendan McPhillips, Leonard Sharlet and
17  John Brushwood began their employment with Defendants.

18    17.    On or about August 11, 2011, Plaintiff Evan Franco began his employment with
19  Defendants.

20    18.    In or about October 2011, Plaintiffs were called into meetings and informed that
21  each of them were being laid off.  Defendants then explained to Plaintiffs that the project no longer
22  had funding – a fact contrary to the express promise of a fully funded program through the
23  conclusion of 2012 made at in the hiring process to recruit Plaintiffs to accept employment.

24

25  **FACTS RELEVANT TO PRIVATE ATTORNEY GENERAL ACT CLAIMS**
26    19.    Plaintiffs bring a portion of this lawsuit on behalf of themselves and all other
27  aggrieved employees who suffered from the violations alleged herein under the Labor Code
28  Private Attorney General Act of 2004 (Cal. Labor Code §2698, et seq.).

20.     Plaintiffs, BRENDAN MCPHILLIPS, LEONARD SHARLET, JOHN BRUSHWOOD and EVAN FRANCO have given written notice to Defendants the INTERPUBLIC GROUP OF COMPANIES, INC. and DRAFTFCB, INC. and the California Labor and Workforce Development Agency (LWDA) by letters specifying the Labor Codes violated and describing the facts and theories to support the particular violations.  Plaintiffs gave a written notice on or about September 10, 2012.

21.     On October 11, 2012, the LWDA notified the aggrieved employees, BRENDAN MCPHILLIPS, LEONARD SHARLET, JOHN BRUSHWOOD, and EVAN FRANCO and Defendants the INTERPUBLIC GROUP OF COMPANIES, INC. and DRAFTFCB, INC. that it does not intend to investigate these claims.  Therefore, BRENDAN MCPHILLIPS, LEONARD SHARLET, JOHN BRUSHWOOD, and EVAN FRANCO have complied with all preconditions to alleging remedies under California Labor Code section 2698, et seq.

## FIRST CAUSE OF ACTION FOR SOLICITATION OF AN EMPLOYEE BY MISREPRESENTATION (LABOR CODE §970)
### AGAINST ALL DEFENDANTS

22.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     Defendants made representations to Plaintiffs regarding the kind, character, or existence of work and/or the length of time the work would last.

24.     Defendants representations were not true.

25.     Defendants knew when the representations were made that they were not true.

26.     Defendants intended that Plaintiffs rely on the representations.

27.     Plaintiffs reasonably relied on Defendants' representations and changed their residences for the purpose of working for Defendants.

28.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest

- 5 -
**FIRST AMENDED COMPLAINT**

1  pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

2  interest. Under Labor Code section 972, Plaintiffs are entitled to "double damages" resulting from

3  the misrepresentations.

4      29.   As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for

5  mental and emotional distress and aggravation in an amount to be proven at the time of trial.

6      30.   The above described acts of Defendants, by and through their managing agents,

7.  officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

8  manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and

9  their rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the

10  meaning of Civil Code section 3294. Plaintiffs request an assessment of punitive damages against

11  Defendants, in an amount to be proven at time of trial.

12      31.   As a proximate result of the foregoing conduct, which violated the provisions of

13  Labor Code section 970 , Plaintiffs have been forced to and will incur attorney's fees and costs in

14  the prosecution of this claim, in an amount to be proved at trial. Plaintiffs are in the process of

15  exhausting their administrative remedies under the Labor Code Private Attorney Generals Act of

16  2004 (Labor Code section 2698, et seq.) as indicated herein, and will amend this Complaint upon

17  exhaustion to plead all rights and remedies available under this Act, including the recovery of

18  attorney's fees for a proven violation of Labor Code section 970.

19

20  **SECOND CAUSE OF ACTION FOR FRAUD AND**

21  **DECEIT AGAINST ALL DEFENDANTS**

22      32.   Plaintiffs restate and incorporate by reference each and every allegation contained

23  in paragraphs 1 through 31, inclusive, as though fully set forth herein.

24      33.   Defendants represented to Plaintiffs that an important fact was true, or that

25  Defendants intentionally failed to disclose an important fact to Plaintiffs, or that Defendants

26  disclosed some facts to Plaintiffs but intentionally failed to disclose other important facts, making

27  the disclosure deceptive, or that Defendants intentionally failed to disclose an important fact that

28  was known only to it and that Plaintiffs could not have discovered.

**FIRST AMENDED COMPLAINT**

34.    Defendants representations were false, and/or Plaintiffs were unaware of those material facts concealed by Defendants.

35.    Defendants knew that the representations were false when they were made, or that Defendants made the representations recklessly and without regard for its truth.  Moreover, Defendants knew that the concealed facts were material to Plaintiffs' decisions, yet failed to disclose them.

36.    Defendants intended that Plaintiffs rely on Defendants' representations, or that Defendants intended to deceive Plaintiffs by concealing the material facts.

37.    Plaintiffs reasonably relied on Defendants' representations and/or deception.

38.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

39.    As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

40.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and their rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiffs request an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION FOR NEGLIGENT
## MISREPRESENTATION AGAINST ALL DEFENDANTS

41.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.    Defendants represented to Plaintiffs that important facts were true.

1    43.    Defendants representations were not true.

2    44.    Defendants had no reasonable grounds for believing that its representations were

3    true when they were made.

4    45.    Defendants intended that Plaintiffs rely on the representations.

5    46.    Plaintiffs reasonably relied on Defendants' representations.

6    47.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs

7    have lost and will continue to lose income, benefits, and other damages in an amount to be proven

8    at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest

9    pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

10    interest.

11    48.    As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for

12    mental and emotional distress and aggravation in an amount to be proven at the time of trial.

13

14    **FOURTH CAUSE FOR PROMISSORY ESTOPPEL**

15    **AGAINST ALL DEFENDANTS**

16    49.    Plaintiffs restate and incorporate by reference each and every allegation contained

17    in paragraphs 1 through 48, inclusive, as though fully set forth herein.

18    50.    Defendants made promises to Plaintiffs.

19    51.    Plaintiffs relied on the promises made by Defendants to their detriment.

20    52.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs

21    have lost and will continue to lose income, benefits, and other damages in an amount to be proven

22    at the time of trial. Plaintiffs claim such amount as damages together with pre-judgment interest

23    pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

24    interest.

25

26

27

28

- 8 -

**FIRST AMENDED COMPLAINT**

## FIFTH CAUSE OF ACTION FOR BREACH OF ORAL
## CONTRACT AGAINST ALL DEFENDANTS

53.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.    Plaintiffs and Defendants entered into a contract.

55.    Plaintiffs did all, or substantially all, of the significant things that the contract required them to do, or that Plaintiffs were excused from doing those things.

56.    All of the conditions required by the contract for Defendants' performance had occurred or were excused.

57.    Defendants failed to do something that the contract required it to do, or that Defendant did something that the contract prohibited it from doing.

58.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

## SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS

59.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.    Defendants discharged Plaintiffs.

61.    As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.  Said laws, which establish these fundamental public policies include, without limitation: California Labor Code sections 970 and 971; and the California Constitution.

62.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiffs have lost and will continue to lose income, benefits, and other damages in an amount to be proven

## FIRST AMENDED COMPLAINT

1   at the time of trial.  Plaintiffs claim such amount as damages together with pre-judgment interest

2   pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment

3   interest.

4        63.    As a result of the aforesaid acts of Defendants, Plaintiffs claim general damages for

5   mental and emotional distress and aggravation in an amount to be proven at the time of trial.

6        64.    The above described acts of Defendants, by and through their managing agents,

7   officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

8   manner in order to injure and damage Plaintiffs and/or with a conscious disregard of Plaintiffs and

9   their rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the

10  meaning of Civil Code section 3294.  Plaintiffs request an assessment of punitive damages against

11  Defendants, in an amount to be proven at time of trial.

12

13  <center>**SEVENTH CAUSE OF ACTION FOR**</center>

14  <center>**REMEDIES UNDER THE CALIFORNIA LABOR CODE**</center>

15  <center>**PRIVATE ATTORNEY GENERALS ACT OF 2004**</center>

16  <center>**(Labor Code §2698, et seq.)**</center>

17       65.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

18  material allegations set out in paragraphs 1 through 64.

19       66.    California Labor Code section 2698, et seq. ("PAGA") permits Plaintiffs to recover

20  civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section

21  2699.5.

22       67.    Defendants' conduct, as alleged herein, violates California Labor Code section 970.

23       68.    Pursuant to California Labor Code sections 2699(a), 2699.3, and 2699.5, Plaintiffs

24  are entitled to recover civil penalties against Defendants, in addition to other remedies, for its

25  violations (including attorney's fees) for a proven violation of Labor Code section 970.

26      WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as

27  follows:

28      1.    For general and special damages according to proof;

<center>- 10 -</center>
<center>**FIRST AMENDED COMPLAINT**</center>

1       2.       For loss of earnings and earning capacity and/or other economic damages,

2 according to proof, including double-damages on the First Cause of Action;

3       3.       For pre-judgment interest to the extent allowed by law;

4       4.       For costs of suit incurred herein;

5       5.       For punitive and/or exemplary damages in an amount to punish Defendants;

6       6.       For attorney's fees in prosecuting this action on the First and Seventh Causes of

7 Action under the Labor Code Private Attorneys General Act of 2004); and

8       7.       For such other and further relief as the Court deems just and proper.

9

10 DATED: October 29, 2012         The deRubertis Law Firm, PLC

11

12               By _____

13                   David M. deRubertis, Esq.
                       Tyler F. Clark, Esq.

14                   Attorneys for Plaintiffs
                   Brendan McPhillips, Leonard Sharlet,
                   John Brushwood, and Evan Franco

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

3

DATED: October 29, 2012

4                                    The deRubertis Law Firm, PLC

5

6    By _____
     David M. deRubertis, Esq.
7    Tyler F. Clark, Esq.
     Attorneys for Plaintiffs
8    Brendan McPhillips, Leonard Sharlet,
     John Brushwood, and Evan Franco

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

**FIRST AMENDED COMPLAINT**

**EXHIBIT B**

1   David M. deRubertis, State Bar No. 208709
    Tyler F. Clark, State Bar No. 258309
2   **The deRubertis Law Firm, PLC**
    4219 Coldwater Canyon Avenue
3   Studio City, California 91604
    Telephone:   (818) 761-2322
4   Facsimile:   (818) 761-2323
    E-Mail: David@deRubertisLaw.com
5   E-Mail: Tyler@deRubertisLaw.com

6   Attorneys for Plaintiffs
    Brendan McPhillips, Leonard Sharlet,
7   John Brushwood and Evan Franco

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN FRANCISCO

10
    BRENDAN McPHILLIPS, an individual,      )   Case No.: CGG-12-524135
11  LEONARD SHARLET, an individual,         )
    JOHN BRUSHWOOD, an individual, and      )
12  EVAN FRANCO, an individual,             )   **DEMAND FOR INSPECTION AND**
                                            )   **PRODUCTION OF DOCUMENTS AND**
13                  Plaintiffs,             )   **TANGIBLE ITEMS, SET ONE,**
                                            )   **PROPOUNDED BY PLAINTIFF EVAN**
14              v.                          )   **FRANCO TO DEFENDANT DRAFTFCB,**
                                            )   **INC.**
15  THE INTERPUBLIC GROUP OF                )
    COMPANIES, INC., a Delaware Corporation;)
16  DRAFTFCB, INC., a Delaware Corporation; )   Complaint Filed:   September 12, 201
    and DOES 1 through 50, inclusive,       )   Trial Date:        None
17                                          )
                    Defendants.             )
18                                          )

19      **PROPOUNDING PARTY: EVAN FRANCO**

20      **RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

21      **SET NUMBER:        ONE (1)**

22          Demand is hereby made, pursuant to Code of Civil Procedure section 2031, that you

23  produce and permit inspection and copying of the documents described below.  The place of

24  inspection shall be the deRubertis Law Firm, PLC, located at 4219 Coldwater Canyon Avenue,

25  Studio City, California 91604 or at such other location as agreed by the parties.  The time for such

26

27

28

                                    - 1 -

            **PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

1   inspection shall be thirty (30) days from the date of service of this demand at 10:00 a.m., and

2   continuing as long as reasonably necessary.

3                                    **DEFINITIONS**

4        As used herein, the following terms shall have the following meanings:

5        A.    "DOCUMENT" means all originals, drafts and copies that differ in any way from

6   the originals of all written, recorded or graphic matter, whether produced or reproduced by

7   handwriting, magnetic recording, photograph, printing, tape, transcription of spoken language or

8   other record of spoken language, typewriting, writing or any other means as defined in Evidence

9   Code §250, and includes without limitation agreements, appointment books, bank statements,

10  bills, books, business records, facsimiles, calendars, cards, checks, charts, computer printouts and

11  tapes, correspondence, diaries, file cards, films, financial statements and reports, handwritten

12  notes, including "post-its" or other type adhesive notes, invoices, journals, ledgers, letters, logs,

13  memoranda, memorials in any form of telephone conversations, minutes, notes, notices, pamphlets,

14  papers, purchase orders, personnel records, receipts, recordings, reports, telegrams, and any other

15  pertinent information set forth in written language or any electronic representation thereof and any

16  carbon or copies of such material, if you do not have control over or possession of the original.

17       "DOCUMENT" also includes all electronically stored information, including but not limited

18  to information stored by computer or on a computer disk, diskette, tape or card, as well as any

19  electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar

20  recording of words, images, sounds, pictures, or information of any kind.

21       "DOCUMENT" also includes any and all drafts of, and amendments, or supplements to, any

22  of the foregoing, whether prepared by you or any other person, as well as copies of the document that

23

24

25

26

27

28

<center>- 2 -</center>

<center>**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**</center>

1  differ from the copy being produced (e.g., a differing copy is one that contains handwritten notes,

2  interlineation, underlining, and the like).

3      If a "DOCUMENT" is an electronic mail, the electronic mail should be produced in its

4  original format so that any and all attachments to the electronic mail are produced and the entire

5  chain of electronic mail communication is produced.

6

7      B.    "PERSON" means all individuals and entities of any nature whatsoever and includes,

8  in the plural as well as in the singular, any natural person, firm, association, partnership, joint

9  venture, corporation, subdivision or part thereof, or any other entity, including all representatives of

10  any such person or persons.  The masculine pronoun shall also include the feminine.

11

12      C.    "YOU" or "YOUR" as used herein shall mean the party to whom this discovery

13  request is directed, and, if the party to whom this request is directed is an entity, it shall include any

14  and all agents, officers, directors, employees, independent contractors or other representatives of the

15  entity to whom this request is directed.

16      D.    "PERTAINING" and "RELATING," as used in this request, means evidencing,

17  memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting,

18  identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject

19  matter referred to in this request.

20      E.    "PLAINTIFF," as used in this request, means the Plaintiff in this action, Evan Franco.

21      F.    "COMPLAINT," as used in this request, means the Complaint for Damages on file in

22  this action.

23      G.    The term "PERSONNEL FILE" includes any and all records maintained either in the

24  normal course of business or for any special purpose with respect to the application, course of

25  employment, and termination of any employee of Defendant, and specifically includes applications,

26

27

28

- 3 -
**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, and other similar records. The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code section 1198.5.

H.   "IDENTIFY" or "IDENTIFYING" means:

a.  with respect to an individual, state the person's name, title at the time in question, employer and business address at the time in question, employer and business address at the time in question and dates of employment (if an employee of YOURS), and current or last known employer, business address, and home address;

b.  with respect to a company, state the name of the company, the place of incorporation of the company, and the address of the company's principal place of business;

c.  with respect to a DOCUMENT, state the names of the author or creator and the addressee, the subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

d.  with respect to a meeting, state the date, location, and subject matter of the meeting, and IDENTIFY the participants in the meeting;

e.  with respect to an insurance claim, or notice of potential claim, state the identity of the policyholder;

f.  with respect to a LIABILITY POLICY, state the policy number, policy period and stated limits of the policy;

g.  with respect to a lawsuit, state the names of the parties, docket number, court, and the current status of the litigation.

- 4 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

I.     "TERMINATE," "TERMINATED," OR "TERMINATION" means the separation from employment by an employee of YOURS, whether the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave employment or any other end of the employment relationship.

### INSTRUCTIONS

1.     The DOCUMENTS produced pursuant to this Request must be segregated and identified according to the specific request to which they are responsive.  Duplicate copies of DOCUMENTS, which are responsive to, more than one request need not be produced if the specific request to which the DOCUMENTS relate is designated.

2.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall mean "and/or," so that no DOCUMENT shall fail to be produced because of a limiting interpretation of the terms "and" or "or"; and words imparting the masculine include the feminine and vice versa.

3.     The DOCUMENTS requested by this Request specifically include, but are not limited to, those DOCUMENTS in the possession custody or control of YOUR agents representatives, attorneys, accountants, auditors, investigators, consultants, or any other PERSON acting on YOUR behalf.

4.     If YOU object to any part of any category of DOCUMENTS requested, please specify each such part, the basis for the objection, and indicate the extent to which YOU will be producing DOCUMENTS responsive to that category of documents requested.

5.     If YOU withhold any DOCUMENT demanded on the grounds of privilege, please specify for each such DOCUMENT:

- 5 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

a.    the name and job title of each author of the DOCUMENT;

b.    the name and job title of each recipient of it and any other PERSON to whom a copy was furnished;

c.    the date of the DOCUMENT;

d.    a brief description of the general subject matter of the DOCUMENT;

e.    each paragraph of this demand to which the DOCUMENT is responsive; and

f.    the type of privilege claimed.

6.    If the Request calls for the production of a DOCUMENT that has been destroyed, placed beyond YOUR control, or otherwise disposed of, set forth with respect to each such DOCUMENT:

a.    the author of the DOCUMENT;

b.    the addressee, if any, and those PERSONS, if any, specified in the DOCUMENT to receive a copy thereof;

c.    the title of the DOCUMENT, if any, or other identifying data;

d.    the type of DOCUMENT (e.g., memorandum, letter);

e.    in summary, the nature and subject matter of the DOCUMENT;

f.    the date the DOCUMENT was prepared;

g.    the date the DOCUMENT was sent or received by YOU, as the case may be;

h.    the identity of all individuals to whom the substance of the DOCUMENT was transmitted, or who saw such DOCUMENT, and under what circumstances;

i.    the present location of the DOCUMENT, if not destroyed; and

- 6 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

j.    the name, title, home and business address, and the home and business telephone number, of the current custodian of the DOCUMENT.

7.    When the Request does not specifically ask for a particular DOCUMENT but the DOCUMENT would help to make the production complete, comprehensive or not misleading, please produce the DOCUMENT.  Only non-identical copies of DOCUMENTS are to be considered separate DOCUMENTS.

8.    Unless otherwise indicated, all of the requests set forth below call for responsive DOCUMENTS created at any time notwithstanding the fact that some of those requests relate to events occurring during specific time periods.

## REQUESTS

1.    The PLAINTIFF's complete personnel file.

2.    Any and all DOCUMENTS PERTAINING or RELATING to PLAINTIFF's job performance while employed by YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, recognition or appreciation or any other similar DOCUMENTS.

3.    Any and all DOCUMENTS signed by PLAINTIFF PERTAINING or RELATING to the obtaining of employment by YOU as defined by Labor Code section 432.

4.    Any and all DOCUMENTS PERTAINING or RELATING to any contracts and/or agreements RELATING to PLAINTIFF's employment, including but not limited to any and all DOCUMENTS reflecting any termination of, modifications of, changes to, revisions to and/or drafts of any such alleged contracts or agreements RELATING or PERTAINING to PLAINTIFF's employment by YOU.

- 7 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

5.    The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF PERTAINING, RELATING or referring to PLAINTIFF and/or to the terms and conditions of PLAINTIFF's employment by YOU.

6.    Any and all DOCUMENTS showing or describing all position(s) held by PLAINTIFF during her employment by YOU.

7.    Any and all DOCUMENTS showing, describing, explaining, PERTAINING to or RELATING to PLAINTIFF's job duties in every position she held while employed by YOU.

8.    Any and all DOCUMENTS showing, describing, PERTAINING to or RELATING to the wages and/or other forms of compensation earned by PLAINTIFF during PLAINTIFF's employment by YOU, including but not limited to wages, bonuses, stock options, deferred compensation, pension benefits, retirement plans, medical or other insurance, etc.

9.    Any and all DOCUMENTS, including but not limited to organizational charts or graphs, showing, describing, explaining, PERTAINING or RELATING to or reflecting PLAINTIFF's position(s) while employed by YOU in the last four (4) years before PLAINTIF's TERMINATION, including but not limited to those showing or explaining the chain of authority or command above and below PLAINTIFF.

10.    Any and all DOCUMENTS used, considered, reviewed, read or relied upon in deciding to TERMINATE PLAINTIFF's employment.

11.    Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that PLAINTIFF was TERMINATED.

12.    Any and all DOCUMENTS reviewed, read, referred to or consulted by any person who had any input into or provided any information upon which the decision to TERMINATE PLAINTIFF was based.

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

13.     Any and all DOCUMENTS showing, depicting, listing, PERTAINING or RELATING to who made or participated in the decision to TERMINATE PLAINTIFF's employment.

14.     All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories.

15.     All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories – employment law.

16.     All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of special interrogatories.

17.     Any and all DOCUMENTS pertaining to any investigation(s) into the allegations made by PLAINTIFF in the COMPLAINT, including but not limited to written statements of witnesses, notes of interviews with witnesses, tape recordings of any and all oral statements and/or interview of witnesses, transcriptions of any tape recordings of any and all oral statements and/or interview of witnesses, reports regarding the results of any and all investigations and/or correspondence PERTAINING to the allegations contained in the COMPLAINT.

18.     All DOCUMENTS that reflect or relate to any statements made by any PERSON relating to any of the allegations contained in PLAINTIFF's COMPLAINT, including but not limited to written statements, notes of interviews, tape recordings of any and all oral statements and/or interviews; transcriptions of any tape recordings of any and all oral statements and/or interviews; reports regarding the results of any and all interviews or investigations; or correspondence relating to the allegations contained in the COMPLAINT.

19.     All DOCUMENTS that support any affirmative, defense YOU have pleaded or will plead in this action.

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

1      20.     All DOCUMENTS that summarize, constitute, memorialize, discuss, mention,

2  comment upon or otherwise refer to any communication between YOU and any state or federal

3  governmental entity, including but not limited to the National Labor Relations Board, the Labor and

4  Workforce Development Agency, the Division of Labor Standards and Enforcement, the

5  Employment Development Department, the United States Equal Employment Opportunity

6  Commission, and the California Department of Fair Employment and Housing, regarding

7  PLAINTIFF and/or any allegations of the COMPLAINT.

8      21.     Any and all DOCUMENTS, including but not limited to memoranda, handwritten

9  notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies which

10 may cover YOU for damages and/or defense costs related to this action.

11     22.     Any and all DOCUMENTS, including press releases, PERTAINING or RELATING

12 the launching of Engage 360.

13     23.     The Long Term Energy Efficiency Strategic Plan adopted by the California Public

14 Utilities Commission on or around September 18, 2008.

15     24.     Any and all advertising or promotional DOCUMENTS RELATING or

16 PERTAINING to the Engage 360 campaign.

17     25.     Any and all DOCUMENTS, including contracts or agreements, between YOU and

18 the any California public entity PERTAINING or RELATING to the Engage 360 campaign.

19     26.     Any and all DOCUMENTS RELATING to the funding available to hire personnel for

20 the Engage 360 campaign.

21     27.     Any and all DOCUMENTS RELATING or PERTAINING to the total combined

22 marketing budget for the Engage 360 campaign.

23

24

25

26

27

28

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

28. Any and all DOCUMENTS RELATING to or showing the anticipated length of the Engage 360 campaign as of the date of PLAINTIFF's hire.

29. Any and all DOCUMENTS RELATING to the anticipated duration of the Engage 360 campaign.

30. Any and all DOCUMENTS RELATING to the Engage 360 campaign, including but not limited to DOCUMENTS showing or RELATING to the description of the Engage 360 campaign, its purpose, its funding and its anticipated length or duration.

31. Any and all DOCUMENTS of any kind showing, depicting or RELATING to PLAINTIFF's job duties as of the date of TERMINATION.

32. Any and all DOCUMENTS of any kind showing, depicting or RELATING to Sarah Davis's job duties from the time hired by YOU to the present.

33. Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jackson Taylor's job duties from the time hired by YOU to the present.

34. Any and all DOCUMENTS of any kind showing, depicting or RELATING Justin Calhoun's job duties from the time hired by YOU to the present.

35. Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jen Sokol's job duties from the time hired by YOU to the present.

36. Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to PLAINTIFF.

37. Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to PLAINTIFF.

38. Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to PLAINTIFF.

- 11 -

39.     Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to PLAINTIFF.

40.     Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

41.     Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

42.     Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

43.     Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

44.     Any and all electronic mail RELATING or PERTAINING to the allegations in PLAINTIFF's COMPLAINT, including any affirmative defenses you may plead.

45.     Any and all DOCUMENTS RELATING or PERTAINING to any negotiation with PLAINTIFF or anyone acting on PLAINTIFF's behalf RELATING to YOUR hiring of PLAINTIFF.

46.     Any and all DOCUMENTS RELATING or PERTAINING to the terms and conditions of PLAINTIFF's employment when he was hired by YOU.

47.     Any and all DOCUMENTS RELATING or PERTAINING to any and all changes to the terms and conditions of PLAINTIFF's employment with YOU that occurred during his employment with YOU.

48.     Any and all DOCUMENTS RELATING OR PERTAINING to, or describing, any compensation YOUR employees would receive for recruiting Community Managers or Assistant Community Managers for the Engage 360 campaign.

- 12 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

49.    Any and all DOCUMENTS, including job postings or requisitions, RELATING OR PERTAINING to the recruiting of prospective or potential employees for the Engage 360 campaign, including but not limited to the recruitment of Community Managers or Assistant Community Managers.

50.    Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that the Engage 360 campaign was terminated.

51.    Any and all DOCUMENTS, including but not limited to letters and electronic mail, sent by YOU (or by anyone acting on YOUR behalf) to PLAINTIFF from January 1, 2010 through present.

52.    Any and all DOCUMENTS that IDENTIFY all individuals who were TERMINATED by YOU due to lack of funding because the Engage 360 campaign was terminated.

52.    Any and all DOCUMENTS showing, describing, stating, or explaining that the Engage 360 campaign was fully funded.

53.    Any and all DOCUMENTS RELATING or PERTAINING the restructuring of the Engage 360 campaign.

54.    Any and all DOCUMENTS, including purchase orders, from any California public entity to you RELATING or PERTAINING to the Engage 360 campaign.

55.    Any and all payroll records or other similar DOCUMENTS RELATING or PERTAINING to PLAINTIFF during PLAINTIFF's employment by YOU.

56.    Any and all DOCUMENTS RELATING to any and all claims for unemployment insurance or disability benefits compensation made by PLAINTIFF in connection with PLAINTIFF's employment by YOU.

- 13 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

57.     Any and all DOCUMENTS RELATING or PERTAINING to any and all awards, honors or accolades received by PLAINTIFF while employed by YOU.

58.     Any and all DOCUMENTS of any kind RELATING to, PERTAINING to or supporting any after-acquired evidence defense that YOU intend to or are asserting in this action.

59.     Any and all DOCUMENTS RELATING to, showing or discussing the purpose or goals of the Engage 360 campaign.

60.     Any and all social media postings regarding or RELATING to the Engage 360 campaign.

61.     Any and all DOCUMENTS of any kind RELATING to the funding of the Engage 360 campaign.

DATED: November 15, 2012          **The deRubertis Law Firm, PLC**

By _____
David M. deRubertis, Esq.
Tyler F. Clark, Esq.
Attorneys for Plaintiffs
Brendan McPhillips, Leonard Sharlet,
John Brushwood and Evan Franco

- 14 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

David M. deRubertis, State Bar No. 208709
Tyler F. Clark, State Bar No. 258309
**The deRubertis Law Firm, PLC**
4219 Coldwater Canyon Avenue
Studio City, California 91604
Telephone:     (818) 761-2322
Facsimile:     (818) 761-2323
E-Mail: David@deRubertisLaw.com
E-Mail: Tyler@deRubertisLaw.com

Attorneys for Plaintiffs
Brendan McPhillips, Leonard Sharlet,
John Brushwood and Evan Franco

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BRENDAN McPHILLIPS, an individual, LEONARD SHARLET, an individual, JOHN BRUSHWOOD, an individual, and EVAN FRANCO, an individual, | Case No.: CGG-12-524135 |
| Plaintiffs, | **SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY** |
| v. | |
| THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware Corporation; DRAFTFCB, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | Complaint Filed:     September 12, 201 Trial Date:           None |
| Defendants. | |

**PROPOUNDING PARTY: EVAN FRANCO**

**RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

**SET NUMBER:          ONE (1)**

You are requested to answer the following interrogatories, separately, fully, in writing, and under oath, and serve a copy of said answers no later than thirty days from the date of service of this request.  Please furnish all responsive information that is presently available to you.

**SPECIAL INTERROGATORY NO. 1:** IDENTIFY the person who has the most knowledge of the reasons that PLAINTIFF was TERMINATED ("IDENTIFY" or "IDENTIFYING" means: (a) with respect to an individual, state the person's name, job title at the time in question, employer and business address and telephone at the time in question, employer

- 1 -

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO
DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

1  and business address and telephone at the time in question and dates of employment (if an

2  employee of YOURS), and current or last known employer, business address, and home address

3  and telephone; (b) with respect to a company, state the name of the company, the place of

4  incorporation of the company, and the address of the company's principal place of business; (c)

5  with respect to a DOCUMENT, state the names of the author or creator and the addressee, the

6  subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if

7  the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

8  (d)  with respect to a meeting, state the date, location, and subject matter of the meeting, and

9  IDENTIFY the participants in the meeting; (e)  with respect to an insurance claim, or notice of

10  potential claim, state the identity of the policyholder; and (g) with respect to a lawsuit, state the

11  names of the parties, docket number, court, and the current status of the litigation.  "PLAINTIFF"

12  refers to, Evan Franco, a Plaintiff in this action.  "TERMINATE," "TERMINATE," OR

13  "TERMINATION" means the separation from employment by an employee of YOURS, whether

14  the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave

15  employment or any other end of the employment relationship).

16      **SPECIAL INTERROGATORY NO. 2:** IDENTIFY each and every person who had any

17  input into or participated in any way in the decision to TERMINATE PLAINTIFF, including but

18  not limited to those who made the actual decision and those who, directly or indirectly, supplied

19  information to the decision-makers.

20      **SPECIAL INTERROGATORY NO. 3:** For each and every person who had any input

21  into or participated in any way in the decision to TERMINATE PLAINTIFF, describe or explain

22  that person's role in the decision to terminate PLAINTIFF, including but not limited to whether he

23  or she made the decision to TERMINATE PLAINTIFF and/or supplied information upon which

24  the TERMINATION decision was based.

25      **SPECIAL INTERROGATORY NO. 4:** IDENTIFY any and all DOCUMENTS

26  reviewed, considered, used, read, or relied upon in the decision to TERMINATE PLAINTIFF

27  ("DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of

28

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO
DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

1    all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic

2    recording, photograph, printing, tape, transcription of spoken language or other record of spoken

3    language, typewriting, writing or any other means as defined in Evidence Code §250, and includes

4    without limitation agreements, appointment books, bank statements, bills, books, business records,

5    facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries,

6    file cards, films, financial statements and reports, handwritten notes, including "post-it" or other

7    type adhesive notes, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of

8    telephone conversations, minutes, notes, notices, pamphlets, papers, pure orders, personnel records,

9    receipts, recordings, reports, telegrams and any other pertinent information set forth in written

10   language or any electronic representation thereof and any carbon or photostatic copies of such

11   material, if you do not have control over or possession of the original. "DOCUMENT" also includes

12   information stored by computer or on a computer disk, diskette, tape or card, as well as any

13   electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar

14   recording of words, images, sounds, pictures, or information of any kind. "DOCUMENT" also

15   includes any and all drafts of, and amendments, or supplements to, any of the foregoing, whether

16   prepared by you or any other person, as well as copies of the DOCUMENT that differ from the copy

17   being produced (e.g., a differing copy is one that contains handwritten notes, interlineation

18   underlining, and the like).)

19        **SPECIAL INTERROGATORY NO. 5:** State in full and complete detail all of the reasons

20   that PLAINTIFF was TERMINATED.

21        **SPECIAL INTERROGATORY NO. 6:** State in full and complete detail any and all facts

22   known to YOU at the time of PLAINTIFF's TERMINATION upon which YOU based YOUR

23   decision to TERMINATE PLAINTIFF's employment ("YOU" or "YOUR" as used herein shall

24   mean the party to whom this discovery request is directed, and, if the party to whom this request is

25   directed is an entity, it shall include any and all agents, officers, directors, employees, independent

26   contractors or other representatives of the entity to whom this request is directed).

27

28

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1    **SPECIAL INTERROGATORY NO. 7:**  Describe in full and complete detail all of

2    PLAINTIFF's job duties at the time of TERMINATION.

3       **SPECIAL INTERROGATORY NO. 8:**  Did YOU represent to PLAINTIFF in connection

4    with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012?

5       **SPECIAL INTERROGATORY NO. 9:**  If YOU represented to PLAINTIFF in connection

6    with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012,

7    IDENTIFY each and every DOCUMENT RELATING or PERTAINING to that representation

8    ("PERTAINING" and "RELATING," as used in this request, means evidencing, memorializing,

9    referring, constituting, containing, discussing, describing, embodying, reflecting, identifying,

10   mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter

11   referred to in this request.).

12      **SPECIAL INTERROGATORY NO. 10:**  If YOU represented to PLAINTIFF in

13   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

14   of 2012, IDENTIFY each and every person or individual employed by YOU that made such

15   representation(s).

16      **SPECIAL INTERROGATORY NO. 11:** If YOU represented to PLAINTIFF in connection

17   with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012, state

18   the date(s) on which such representation(s) was/were made.

19      **SPECIAL INTERROGATORY NO. 12:** If YOU did not represent to PLAINTIFF in

20   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

21   of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make

22   to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

23      **SPECIAL INTERROGATORY NO. 13:** If YOU did not represent to PLAINTIFF in

24   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

25   of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to

26   PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

27

28

- 4 -

1   **SPECIAL INTERROGATORY NO. 14:** If YOU did not represent to PLAINTIFF in

2   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

3   of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or

4   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

5   funding for Engage 360.

6       **SPECIAL INTERROGATORY NO. 15:** For each and every statement(s) or

7   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

8   funding for Engage 360, state the date(s) on which such statement(s) or representation(s) was/were

9   made.

10      **SPECIAL INTERROGATORY NO. 16:** If YOU did not represent to PLAINTIFF in

11  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

12  of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make

13  to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

14      **SPECIAL INTERROGATORY NO. 17:** If YOU did not represent to PLAINTIFF in

15  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

16  of 2012, please state in full and complete detail all statements or representations that YOU did make

17  to PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the

18  Engage 360 campaign.

19      **SPECIAL INTERROGATORY NO. 18:** If YOU did not represent to PLAINTIFF in

20  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

21  of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to

22  PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the

23  Engage 360 campaign.

24      **SPECIAL INTERROGATORY NO. 19:** If YOU did not represent to PLAINTIFF in

25  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

26  of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or

27

28

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO
DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

1   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

2   anticipated length of the Engage 360 campaign.

3        **SPECIAL INTERROGATORY NO. 20:** For each and every statement(s) or

4   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

5   anticipated length of the Engage 360 campaign, state the date(s) on which such statement(s) or

6   representation(s) was/were made.

7        **SPECIAL INTERROGATORY NO. 21:** IDENTIFY each and every person that was

8   TERMINATED by YOU because Engage 360 lost funding.

9        **SPECIAL INTERROGATORY NO. 22:** IDENTIFY any and all DOCUMENTS

10   reviewed, considered, used, read, or relied upon in the decision to TERMINATE any persons other

11   than PLAINTIFF because Engage 360 lost funding.

12        **SPECIAL INTERROGATORY NO. 23:** IDENTIFY any and all DOCUMENTS that

13   PERTAIN or RELATING to the funding of Engage 360.

14        **SPECIAL INTERROGATORY NO. 24:** IDENTIFY the person who has the most

15   knowledge of Engage 360's funding.

16        **SPECIAL INTERROGATORY NO. 25:** IDENTIFY each and every one of PLAINTIFF's

17   supervisors and/or managers during his employment with YOU.

18        **SPECIAL INTERROGATORY NO. 26:** Describe in full and complete detail each and

19   every communication, whether written or oral, made by YOU to PLAINTIFF in which YOU

20   criticized his work performance before his TERMINATION.

21        **SPECIAL INTERROGATORY NO. 27:** IDENTIFY all DOCUMENTS that show,

22   reflect, RELATE or PERTAIN to any and all communications, whether written or oral, made by

23   YOU to PLAINTIFF in which YOU criticized his work performance before his TERMINATION.

24        **SPECIAL INTERROGATORY NO. 28:** State PLAINTIFF's monthly earnings while

25   employed by YOU by date and amount.

26        **SPECIAL INTERROGATORY NO. 29:** State PLAINTIFF's annual earnings while he

27   was employed by YOU.

28

- 6 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1    **SPECIAL INTERROGATORY NO. 30:** Describe (including by describing the value to

2    PLAINTIFF or the cost to YOU) each form of non-wage compensation or fringe benefit that

3    PLAINTIFF was entitled to receive or did receive while employed by YOU, including but not

4    limited to health or other insurance, stock options, bonuses, deferred compensation, retirement

5    benefits or other forms of non-wage compensation during his employment with you.

6    **SPECIAL INTERROGATORY NO. 31:** State each job position PLAINTIFF held while

7    employed by YOU.

8    **SPECIAL INTERROGATORY NO. 32:** For each job position that PLAINTIFF held while

9    employed by YOU, state the date(s) on which PLAINTIFF held the position.

10    **SPECIAL INTERROGATORY NO. 33:** Describe in full and complete detail the job

11    duties of Sarah Davis in effect in 2011 to present.

12    **SPECIAL INTERROGATORY NO. 34:** Describe in full and complete detail the job

13    duties of Jackson Taylor in effect in 2011 to present.

14    **SPECIAL INTERROGATORY NO. 35:** Describe in full and complete detail the job

15    duties of Jen Sokol in effect in 2011 to present.

16    **SPECIAL INTERROGATORY NO. 36:** Describe in full and complete detail the job

17    duties of Justin Calhoun in effect in 2011 to present.

18    **SPECIAL INTERROGATORY NO. 37:** IDENTIFY each and every person who

19    participated in the hiring or recruitment of PLAINTIFF.

20    **SPECIAL INTERROGATORY NO. 38:** For each and every person who participated

21    in the hiring or recruitment of PLAINTIFF, describe or explain that persons role in hiring or

22    recruitment of PLAINTIFF.

23    **SPECIAL INTERROGATORY NO. 39:** IDENTIFY any and all DOCUMENTS

24    reviewed, considered, used, or relied upon in the decision to hire or recruit PLAINTIFF.

25    **SPECIAL INTERROGATORY NO. 40:** State in full and complete detail any and all

26    representation(s) made by YOU to PLAINTIFF PERTAINING or RELATING to his employment

27    with YOU during the hiring or recruitment process.

28

- 7 -

1   **SPECIAL INTERROGATORY NO. 41:** IDENTIFY each and every person who made any

2   representation(s) to PLAINTIFF PERTAINING or RELATING to his employment with YOU during

3   the hiring or recruitment process.

4       **SPECIAL INTERROGATORY NO. 42:** IDENTIFY each and every DOCUMENT that

5   describes, summarizes, constitutes or RELATES to any representation(s) YOU made to PLAINTIFF

6   RELATING to his employment with YOU during the hiring or recruitment process.

7       **SPECIAL INTERROGATORY NO. 43:** For each and every representation(s) made to

8   PLAINTIFF by YOU or on YOUR behalf to PLAINTIFF PERTAINING or RELATING to his

9   employment with YOU during the hiring or recruitment process, state the date(s) on which such

10  representation(s) were/was made.

11

12  DATED: November 15, 2012          **The deRubertis Law Firm, PLC**

13                             By 

14                               David M. deRubertis, Esq.
                                 Tyler F. Clark, Esq.

15                               Attorneys for Plaintiffs
                                 Brendan McPhillips, Leonard Sharlet,

16                               John Brushwood and Evan Franco

17

18

19

20

21

22

23

24

25

26

27

28

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO
DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

**DECLARATION OF DAVID M. DERUBERTIS, ESQ.:**

I, David M. deRubertis, Esq., hereby declare as follows:

1.     I am an attorney at the deRubertis Law Firm, PLC, an attorneys of record for Evan Franco, a plaintiff in this action.

2.     I am propounding to Defendant DraftFCB, Inc. the attached set of specially interrogatories.

3.     This set of interrogatories will cause the total number of special interrogatories propounded to the party to whom they are directed to exceed the number of requests permitted by Section 2030.030 of the Code of Civil Procedure.

4.     I have previously propounded a total of zero (0) special interrogatories to this party.

5.     This set of special interrogatories contains a total of forty three (43) special interrogatories.

6.     I am familiar with the issues and the previous discovery conducted by all the parties in this case.

7.     I have personally examined each of the questions in this set of interrogatories.

8.     This number of questions is warranted under Section 2030.040 of the Code of Civil Procedure because of the complexity and the quantity of the existing and potential issues in this case, and the expedience of using this method of discovery to provide the responding party the opportunity to conduct an inquiry, investigation, or search of files or records to supply the information sought. Furthermore, the Complaint alleges numerous acts against the Defendant, as well as issues of the Defendant's liability for the acts of another. Plus, Defendants will raise numerous affirmative defenses. This procedure is more expeditious that alternative methods of seeking this information.

9.     None of the Requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

-9-

1       I declare under the penalty of perjury under the laws of California that the foregoing is true

2  and correct and that this declaration was executed on November 15, 2012.

3

4                                            _____

5                                            David M. deRubertis, Esq.
                                            Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF EVAN FRANCO TO
DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

**DISC-002**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David M. deRubertis (SBN 208709)<br>Tyler F. Clark (SBN 258309)<br>**The deRubertis Law Firm, PLC**<br>4219 Coldwater Canyon Avenue<br>Studio City, California 91604<br>    TELEPHONE NO.: (818)761-2322    FAX NO. *(Optional):* (818)761-2323<br>E-MAIL ADDRESS *(Optional):* David@deRubertisLaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Brendan McPhillips, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
Civic Center Courthouse
400 McAllister Street
San Francisco, California 94102

SHORT TITLE:   BRENDAN McPHILLIPS, et al. v. THE INTERPUBLIC GROUP OF COMPANIES, INC., et al.

| | |
|---|---|
| **FORM INTERROGATORIES — EMPLOYMENT LAW**<br>Asking Party: EVAN FRANCO<br>Answering Party: DRAFTFCB, INC.<br>Set No.: One (1) | CASE NUMBER:<br>CGG-12-524135 |

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the EMPLOYEE and EMPLOYER to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
(DATE)                                      (SIGNATURE)

### Sec. 4. Definitions

Words in BOLDFACE CAPITALS in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Page 1 of 8

**FORM INTERROGATORIES—EMPLOYMENT LAW**



Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710

(b)  **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c)  **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d)  **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name)*:

*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e)  **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name)*:

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f)  **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g)  **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h)  **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. (*Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i)  **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j)  **BENEFIT** means any benefit from an **EMPLOYER**, including an "employee welfare benefit plan" or "employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k)  **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l)  **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m)  **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS

200.0   Contract Formation
201.0   Adverse Employment Action
202.0   Discrimination Interrogatories to Employee
203.0   Harassment Interrogatories to Employee
204.0   Disability Discrimination
205.0   Discharge in Violation of Public Policy
206.0   Defamation
207.0   Internal Complaints
208.0   Governmental Complaints
209.0   Other Employment Claims by Employee or Against Employer
210.0   Loss of Income Interrogatories to Employee
211.0   Loss of Income Interrogatories to Employee
212.0   Physical, Mental, or Emotional Injuries— Interrogatories to Employee
213.0   Other Damages Interrogatories to Employee
214.0   Insurance
215.0   Investigation
216.0   Denials and Special or Affirmative Defenses
217.0   Response to Request for Admissions

**200.0   Contract Formation**

[x]  200.1  Do you contend that the **EMPLOYMENT** relationship was "at will"? If so:

   (a)  state all facts upon which you base this contention;

   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and

   (c)  identify all **DOCUMENTS** that support your contention.

[x]  200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:

   (a)  state all facts upon which you base this contention;

   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and

   (c)  identify all **DOCUMENTS** that support your contention.

[x]  200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:

   (a)  state all facts upon which you base this contention;

   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and

   (c)  identify all **DOCUMENTS** that support your contention.

DISC-002

[x] 200.4  Was any part of the parties' EMPLOYMENT relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the EMPLOYER? If so, for each DOCUMENT containing the written rules, guidelines, policies, or procedures:

(a)  state the date and title of the DOCUMENT and a general description of its contents;

(b)  state the manner in which the DOCUMENT was communicated to employees; and

(c)  state the manner, if any, in which employees acknowledged either receipt of the DOCUMENT or knowledge of its contents.

[x] 200.5  Was any part of the parties' EMPLOYMENT relationship covered by one or more collective bargaining agreements or memorandums of understanding between the EMPLOYER (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)  the names and ADDRESSES of the parties to the collective bargaining agreement or memorandum of understanding;

(b)  the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)  which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the PLEADINGS and (2) the rules or procedures for resolving any dispute or claim referred to in the PLEADINGS.

[x] 200.6  Do you contend that the EMPLOYEE and the EMPLOYER were in a business relationship other than an EMPLOYMENT relationship? If so, for each relationship:

(a)  state the names of the parties to the relationship;

(b)  identify the relationship; and

(c)  state all facts upon which you base your contention that the parties were in a relationship other than an EMPLOYMENT relationship.

**201.0  Adverse Employment Action**

[x] 201.1  Was the EMPLOYEE involved in a TERMINATION? If so:

(a)  state all reasons for the EMPLOYEE'S TERMINATION;

(b)  state the name, ADDRESS, and telephone number of each PERSON who participated in the TERMINATION decision;

(c)  state the name, ADDRESS, and telephone number of each PERSON who provided any information relied upon in the TERMINATION decision; and

(d)  identify all DOCUMENTS relied upon in the TERMINATION decision.

[x] 201.2  Are there any facts that would support the EMPLOYEE'S TERMINATION that were first discovered after the TERMINATION? If so:

(a)  state the specific facts;

(b)  state when and how EMPLOYER first learned of each specific fact;

(c)  state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the specific facts; and

(d)  identify all DOCUMENTS that evidence these specific facts.

[ ] 201.3  Were there any other ADVERSE EMPLOYMENT ACTIONS, including *(the asking party should list the ADVERSE EMPLOYMENT ACTIONS)*:

If so, for each action, provide the following:

(a)  all reasons for each ADVERSE EMPLOYMENT ACTION;

(b)  the name, ADDRESS, and telephone number of each PERSON who participated in making each ADVERSE EMPLOYMENT ACTION decision;

(c)  the name, ADDRESS, and telephone number of each PERSON who provided any information relied upon in making each ADVERSE EMPLOYMENT ACTION decision; and

(d)  the identity of all DOCUMENTS relied upon in making each ADVERSE EMPLOYMENT ACTION decision.

[x] 201.4  Was the TERMINATION or any other ADVERSE EMPLOYMENT ACTIONS referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the EMPLOYEE'S job performance? If so, for each action:

(a)  identify the ADVERSE EMPLOYMENT ACTION;

(b)  identify the EMPLOYEE'S specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION;

(c)  identify any rules, guidelines, policies, or procedures that were used to evaluate the EMPLOYEE'S specific job performance;

(d)  state the names, ADDRESSES, and telephone numbers of all PERSONS who had responsibility for evaluating the specific job performance of the EMPLOYEE;

(e)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the EMPLOYEE'S specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION; and

(f)  describe all warnings given with respect to the EMPLOYEE'S specific job performance.