DISC-002

[x]  201.5  Was any PERSON hired to replace the EMPLOYEE after the EMPLOYEE'S TERMINATION or demotion? If so, state the PERSON'S name, job title, qualifications, ADDRESS and telephone number, and the date the PERSON was hired.

[x]  201.6  Has any PERSON performed any of the EMPLOYEE'S former job duties after the EMPLOYEE'S TERMINATION or demotion? If so:
(a)   state the PERSON'S name, job title, ADDRESS, and telephone number;
(b)   identify the duties; and
(c)   state the date on which the PERSON started to perform the duties.

[ ]  201.7  If the ADVERSE EMPLOYMENT ACTION involved the failure or refusal to select the EMPLOYEE (for example, for hire, promotion, transfer, or training), was any other PERSON selected instead? If so, for each ADVERSE EMPLOYMENT ACTION, state the name, ADDRESS, and telephone number of each PERSON selected; the date the PERSON was selected; and the reason the PERSON was selected instead of the EMPLOYEE.

**202.0   Discrimination—Interrogatories to Employee**

[ ]  202.1  Do you contend that any ADVERSE EMPLOYMENT ACTIONS against you were discriminatory? If so:
(a)   identify each ADVERSE EMPLOYMENT ACTION that involved unlawful discrimination;
(b)   identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;
(c)   state all facts upon which you base each claim of discrimination;
(d)   state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(e)   identify all DOCUMENTS evidencing those facts.

[ ]  202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

**203.0   Harassment—Interrogatories to Employee**

[ ]  203.1  Do you contend that you were unlawfully harassed in your employment? If so:
(a)   state the name, ADDRESS, telephone number, and employment position of each PERSON whom you contend harassed you;
(b)   for each PERSON whom you contend harassed you, describe the harassment;

(c)   identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)   state all facts upon which you base your contention that you were unlawfully harassed;
(e)   state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(f)   identify all DOCUMENTS evidencing those facts.

**204.0   Disability Discrimination**

[ ]  204.1  Name and describe each disability alleged in the PLEADINGS.

[ ]  204.2  Does the EMPLOYEE allege any injury or illness that arose out of or in the course of EMPLOYMENT? If so, state:
(a)   the nature of such injury or illness;
(b)   how such injury or illness occurred;
(c)   the date on which such injury or illness occurred;
(d)   whether EMPLOYEE has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)   whether EMPLOYEE has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

[ ]  204.3  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about the type or extent of any disability of EMPLOYEE? If so:
(a)   state the name, ADDRESS, and telephone number of each person who made or received the communications;
(b)   state the name, ADDRESS, and telephone number of each PERSON who witnessed the communications;
(c)   describe the date and substance of the communications; and
(d)   identify each DOCUMENT that refers to the communications.

[ ]  204.4  Did the EMPLOYER have any information about the type, existence, or extent of any disability of EMPLOYEE other than from communications with the EMPLOYEE or the EMPLOYEE'S HEALTH CARE PROVIDER? If so, state the sources and substance of that information and the name, ADDRESS, and telephone number of each PERSON who provided or received the information.

[ ]  204.5  Did the EMPLOYEE need any accommodation to perform any function of the EMPLOYEE'S job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

DISC-002

204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:
- (a) state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;
- (b) state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;
- (c) describe the date and substance of the communication; and
- (d) identify each **DOCUMENT** that refers to the communication.

204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:
- (a) describe the accommodation considered;
- (b) state whether the accommodation was offered to the **EMPLOYEE**;
- (c) state the **EMPLOYEE'S** response; or
- (d) if the accommodation was not offered, state all the reasons why this decision was made;
- (e) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and
- (f) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

### 205.0  Discharge in Violation of Public Policy

205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:
- (a) identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and
- (b) state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

### 206.0  Defamation

206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:
- (a) identify the **PUBLISHED** statement;
- (b) state the name, **ADDRESS**, telephone number, and job title of each person who **PUBLISHED** the statement;
- (c) state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

- (d) state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and
- (e) state all facts upon which the **PERSON** who published the statement based the belief that it was true.

206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

### 207.0  Internal Complaints

[x] 207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:
- (a) state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;
- (b) state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;
- (c) state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;
- (d) state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and
- (e) state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

[x] 207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:
- (a) state the date of the complaint;
- (b) state the nature of the complaint;
- (c) state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;
- (d) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;
- (e) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

DISC-002

(f)  state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)  state the nature and date of any action taken in response to the complaint;

(h)  state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when;

(i)  identify all DOCUMENTS relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)  state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the EMPLOYEE'S complaint or the EMPLOYER'S response to the complaint.

**208.0  Governmental Complaints**

☐  208.1  Did the EMPLOYEE file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the PLEADINGS? If so, for each claim, complaint, or charge:

(a)  state the date on which it was filed;

(b)  state the name and ADDRESS of the agency with which it was filed;

(c)  state the number assigned to the claim, complaint, or charge by the agency;

(d)  state the nature of each claim, complaint, or charge made;

(e)  state the date on which the EMPLOYER was notified of the claim, complaint, or charge;

(f)  state the name, ADDRESS, and telephone number of all PERSONS within the governmental agency with whom the EMPLOYER has had any contact or communication regarding the claim, complaint, or charge;

(g)  state whether a right to sue notice was issued and, if so, when; and

(h)  state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☐  208.2  Did the EMPLOYER respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)  state the nature and date of any investigation done or any other action taken by the EMPLOYER in response to the claim, complaint, or charge:

(b)  state the name, ADDRESS, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)  state the name, ADDRESS, telephone number, and job title of each PERSON who participated in making decisions about how to conduct the investigation; and

(d)  state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0  Other Employment Claims by Employee or Against Employer**

☐  209.1  Except for this action, in the past 10 years has the EMPLOYEE filed a civil action against any employer regarding the EMPLOYEE'S employment? If so, for each civil action:

(a)  state the name, ADDRESS, and telephone number of each employer against whom the action was filed;

(b)  state the court, names of the parties, and case number of the civil action;

(c)  state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYEE; and

(d)  state whether the action has been resolved or is pending.

☒  209.2  Except for this action, in the past 10 years has any employee filed a civil action against the EMPLOYER regarding his or her employment? If so, for each civil action:

(a)  state the name, ADDRESS, and telephone number of each employee who filed the action;

(b)  state the court, names of the parties, and case number of the civil action;

(c)  state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYER; and

(d)  state whether the action has been resolved or is pending.

**210.0  Loss of Income—Interrogatories to Employee**

☐  210.1  Do you attribute any loss of income, benefits, or earning capacity to any ADVERSE EMPLOYMENT ACTION? *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☐  210.2  State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☐  210.3  Will you lose income, benefits, or earning capacity in the future as a result of any ADVERSE EMPLOYMENT ACTION? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☐  210.4  Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

DISC-002

210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the ADVERSE EMPLOYMENT ACTION had not occurred? If so, state the cost for each benefit purchased.

210.6  Have you obtained other employment since any ADVERSE EMPLOYMENT ACTION? If so, for each new employment:
(a)    state when the new employment commenced;
(b)    state the hourly rate or monthly salary for the new employment; and
(c)    state the benefits available from the new employment.

**211.0  Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

[x]  211.1  Identify each type of BENEFIT to which the EMPLOYEE would have been entitled, from the date of the ADVERSE EMPLOYMENT ACTION to the present, if the ADVERSE EMPLOYMENT ACTION had not happened and the EMPLOYEE had remained in the same job position. For each type of benefit, state the amount the EMPLOYER would have paid to provide the benefit for the EMPLOYEE during this time period and the value of the BENEFIT to the EMPLOYEE.

[x]  211.2  Do you contend that the EMPLOYEE has not made reasonable efforts to minimize the amount of the EMPLOYEE'S lost income? If so:
(a)    describe what more EMPLOYEE should have done;
(b)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts that support your contention; and
(c)    identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

[x]  211.3  Do you contend that any of the lost income claimed by the EMPLOYEE, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the ADVERSE EMPLOYMENT ACTION? If so:
(a)    state the amount of claimed lost income that you dispute;
(b)    state all facts upon which you base your contention;
(c)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d)    identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**212.0  Physical, Mental, or Emotional Injuries—Interrogatories to Employee**

212.1  Do you attribute any physical, mental, or emotional injuries to the ADVERSE EMPLOYMENT ACTION? *(if your answer is "no," do not answer interrogatories 212.2 through 212.7.)*

212.2  Identify each physical, mental, or emotional injury that you attribute to the ADVERSE EMPLOYMENT ACTION and the area of your body affected.

212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each complaint state:
(a)    a description of the injury;
(b)    whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)    the frequency and duration.

212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each HEALTH CARE PROVIDER state:
(a)    the name, ADDRESS, and telephone number;
(b)    the type of consultation, examination, or treatment provided;
(c)    the dates you received consultation, examination, or treatment; and
(d)    the charges to date.

212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each medication state:
(a)    the name of the medication;
(b)    the name, ADDRESS and telephone number of the PERSON who prescribed or furnished it;
(c)    the date prescribed or furnished;
(d)    the dates you began and stopped taking it; and
(e)    the cost to date.

212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the ADVERSE EMPLOYMENT ACTION? If so, for each service state:
(a)    the nature;
(b)    the date;
(c)    the cost; and
(d)    the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER.

☐ 212.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each injury state:
- (a)     the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
- (b)     the complaints for which the treatment was advised; and
- (c)     the nature, duration, and estimated cost of the treatment.

## 213.0   Other Damages—Interrogatories to Employee

☐ 213.1  Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each item of damage state:
- (a)     the nature;
- (b)     the date it occurred;
- (c)     the amount; and
- (d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

☐ 213.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 214.0   Insurance

☒ 214.1  At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, for each policy state:
- (a)     the kind of coverage;
- (b)     the name and **ADDRESS** of the insurance company;
- (c)     the name, **ADDRESS**, and telephone number of each named insured;
- (d)     the policy number;
- (e)     the limits of coverage for each type of coverage contained in the policy;
- (f)      whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
- (g)     the name, **ADDRESS**, and telephone number of the custodian of the policy.

☐ 214.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, specify the statute.

## 215.0   Investigation

☒ 215.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each individual state:
- (a)     the name, **ADDRESS**, and telephone number of the individual interviewed;
- (b)     the date of the interview; and
- (c)     the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

☒ 215.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each statement state:
- (a)     the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
- (b)     the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
- (c)     the date the statement was obtained; and
- (d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

## 216.0   Denials and Special or Affirmative Defenses

☒ 216.1  Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:
- (a)     state all facts upon which you base the denial or special or affirmative defense;
- (b)     state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
- (c)     identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 217.0   Response to Request for Admissions

☐ 217.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
- (a)     state the number of the request;
- (b)     state all facts upon which you base your response;
- (c)     state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
- (d)     identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

1   David M. deRubertis, State Bar No. 208709
    Tyler F. Clark, State Bar No. 258309
2   **The deRubertis Law Firm, PLC**
    4219 Coldwater Canyon Avenue
3   Studio City, California 91604
    Telephone:     (818) 761-2322
4   Facsimile:     (818) 761-2323
    E-Mail: David@deRubertisLaw.com
5   E-Mail: Tyler@deRubertisLaw.com

6   Attorneys for Plaintiffs
    Brendan McPhillips, Leonard Sharlet,
7   John Brushwood and Evan Franco

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN FRANCISCO**

10
    BRENDAN McPHILLIPS, an individual,      )   Case No.: CGG-12-524135
11  LEONARD SHARLET, an individual,          )
    JOHN BRUSHWOOD, an individual, and       )
12  EVAN FRANCO, an individual,              )
                                             )   **DEMAND FOR INSPECTION AND**
13             Plaintiffs,                   )   **PRODUCTION OF DOCUMENTS AND**
                                             )   **TANGIBLE ITEMS, SET ONE,**
14         v.                                )   **PROPOUNDED BY PLAINTIFF JOHN**
                                             )   **BRUSHWOOD TO DEFENDANT**
15  THE INTERPUBLIC GROUP OF                 )   **DRAFTFCB, INC.**
    COMPANIES, INC., a Delaware Corporation; )
16  DRAFTFCB, INC., a Delaware Corporation;  )
    and DOES 1 through 50, inclusive,        )   Complaint Filed:   September 12, 201
17                                           )   Trial Date:        None
               Defendants.                   )
18  _____)

19      **PROPOUNDING PARTY: JOHN BRUSHWOOD**

20      **RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

21      **SET NUMBER:         ONE (1)**

22          Demand is hereby made, pursuant to Code of Civil Procedure section 2031, that you

23  produce and permit inspection and copying of the documents described below. The place of

24  inspection shall be the deRubertis Law Firm, PLC, located at 4219 Coldwater Canyon Avenue,

25  Studio City, California 91604 or at such other location as agreed by the parties. The time for such

26

27

28

                                          - 1 -

            **PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

1  inspection shall be thirty (30) days from the date of service of this demand at 10:00 a.m., and

2  continuing as long as reasonably necessary.

### DEFINITIONS

As used herein, the following terms shall have the following meanings:

A.     "DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic recording, photograph, printing, tape, transcription of spoken language or other record of spoken language, typewriting, writing or any other means as defined in Evidence Code §250, and includes without limitation agreements, appointment books, bank statements, bills, books, business records, facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries, file cards, films, financial statements and reports, handwritten notes, including "post-its" or other type adhesive notes, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of telephone conversations, minutes, notes, notices, pamphlets, papers, purchase orders, personnel records, receipts, recordings, reports, telegrams, and any other pertinent information set forth in written language or any electronic representation thereof and any carbon or copies of such material, if you do not have control over or possession of the original.

"DOCUMENT" also includes all electronically stored information, including but not limited to information stored by computer or on a computer disk, diskette, tape or card, as well as any electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind.

"DOCUMENT" also includes any and all drafts of, and amendments, or supplements to, any of the foregoing, whether prepared by you or any other person, as well as copies of the document that

- 2 -

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

differ from the copy being produced (e.g., a differing copy is one that contains handwritten notes, interlineation, underlining, and the like).

If a "DOCUMENT" is an electronic mail, the electronic mail should be produced in its original format so that any and all attachments to the electronic mail are produced and the entire chain of electronic mail communication is produced.

B.    "PERSON" means all individuals and entities of any nature whatsoever and includes, in the plural as well as in the singular, any natural person, firm, association, partnership, joint venture, corporation, subdivision or part thereof, or any other entity, including all representatives of any such person or persons.  The masculine pronoun shall also include the feminine.

C.    "YOU" or "YOUR" as used herein shall mean the party to whom this discovery request is directed, and, if the party to whom this request is directed is an entity, it shall include any and all agents, officers, directors, employees, independent contractors or other representatives of the entity to whom this request is directed.

D.    "PERTAINING" and "RELATING," as used in this request, means evidencing, memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter referred to in this request.

E.    "PLAINTIFF," as used in this request, means the Plaintiff in this action, John Brushwood.

F.    "COMPLAINT," as used in this request, means the Complaint for Damages on file in this action.

G.    The term "PERSONNEL FILE" includes any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of

- 3 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, and other similar records. The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code section 1198.5.

H.    "IDENTIFY" or "IDENTIFYING" means:

a.  with respect to an individual, state the person's name, title at the time in question, employer and business address at the time in question, employer and business address at the time in question and dates of employment (if an employee of YOURS), and current or last known employer, business address, and home address;

b.  with respect to a company, state the name of the company, the place of incorporation of the company, and the address of the company's principal place of business;

c.  with respect to a DOCUMENT, state the names of the author or creator and the addressee, the subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

d.  with respect to a meeting, state the date, location, and subject matter of the meeting, and IDENTIFY the participants in the meeting;

e.  with respect to an insurance claim, or notice of potential claim, state the identity of the policyholder;

f.  with respect to a LIABILITY POLICY, state the policy number, policy period and stated limits of the policy;

- 4 -

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

g.   with respect to a lawsuit, state the names of the parties, docket number, court, and the current status of the litigation.

I.       "TERMINATE," "TERMINATED," OR "TERMINATION" means the separation from employment by an employee of YOURS, whether the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave employment or any other end of the employment relationship

### INSTRUCTIONS

1.       The DOCUMENTS produced pursuant to this Request must be segregated and identified according to the specific request to which they are responsive.  Duplicate copies of DOCUMENTS, which are responsive to, more than one request need not be produced if the specific request to which the DOCUMENTS relate is designated.

2.       Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall mean "and/or," so that no DOCUMENT shall fail to be produced because of a limiting interpretation of the terms "and" or "or"; and words imparting the masculine include the feminine and vice versa.

3.       The DOCUMENTS requested by this Request specifically include, but are not limited to, those DOCUMENTS in the possession custody or control of YOUR agents representatives, attorneys, accountants, auditors, investigators, consultants, or any other PERSON acting on YOUR behalf.

4.       If YOU object to any part of any category of DOCUMENTS requested, please specify each such part, the basis for the objection, and indicate the extent to which YOU will be producing DOCUMENTS responsive to that category of documents requested.

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

5.      If YOU withhold any DOCUMENT demanded on the grounds of privilege, please specify for each such DOCUMENT:

a.      the name and job title of each author of the DOCUMENT;

b.      the name and job title of each recipient of it and any other PERSON to whom a copy was furnished;

c.      the date of the DOCUMENT;

d.      a brief description of the general subject matter of the DOCUMENT;

e.      each paragraph of this demand to which the DOCUMENT is responsive; and

f.      the type of privilege claimed.

6.      If the Request calls for the production of a DOCUMENT that has been destroyed, placed beyond YOUR control, or otherwise disposed of, set forth with respect to each such DOCUMENT:

a.      the author of the DOCUMENT;

b.      the addressee, if any, and those PERSONS, if any, specified in the DOCUMENT to receive a copy thereof;

c.      the title of the DOCUMENT, if any, or other identifying data;

d.      the type of DOCUMENT (e.g., memorandum, letter);

e.      in summary, the nature and subject matter of the DOCUMENT;

f.      the date the DOCUMENT was prepared;

g.      the date the DOCUMENT was sent or received by YOU, as the case may be;

- 6 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

h.      the identity of all individuals to whom the substance of the DOCUMENT was transmitted, or who saw such DOCUMENT, and under what circumstances;

i.      the present location of the DOCUMENT, if not destroyed; and

j.      the name, title, home and business address, and the home and business telephone number, of the current custodian of the DOCUMENT.

7.      When the Request does not specifically ask for a particular DOCUMENT but the DOCUMENT would help to make the production complete, comprehensive or not misleading, please produce the DOCUMENT. Only non-identical copies of DOCUMENTS are to be considered separate DOCUMENTS.

8.      Unless otherwise indicated, all of the requests set forth below call for responsive DOCUMENTS created at any time notwithstanding the fact that some of those requests relate to events occurring during specific time periods.

## REQUESTS

1.      The PLAINTIFF's complete personnel file.

2.      Any and all DOCUMENTS PERTAINING or RELATING to PLAINTIFF's job performance while employed by YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, recognition or appreciation or any other similar DOCUMENTS.

3.      Any and all DOCUMENTS signed by PLAINTIFF PERTAINING or RELATING to the obtaining of employment by YOU as defined by Labor Code section 432.

4.      Any and all DOCUMENTS PERTAINING or RELATING to any contracts and/or agreements RELATING to PLAINTIFF's employment, including but not limited to any and all

- 7 -

DOCUMENTS reflecting any termination of, modifications of, changes to, revisions to and/or drafts of any such alleged contracts or agreements RELATING or PERTAINING to PLAINTIFF's employment by YOU.

5.    The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF PERTAINING, RELATING or referring to PLAINTIFF and/or to the terms and conditions of PLAINTIFF's employment by YOU.

6.    Any and all DOCUMENTS showing or describing all position(s) held by PLAINTIFF during her employment by YOU.

7.    Any and all DOCUMENTS showing, describing, explaining, PERTAINING to or RELATING to PLAINTIFF's job duties in every position she held while employed by YOU.

8.    Any and all DOCUMENTS showing, describing, PERTAINING to or RELATING to the wages and/or other forms of compensation earned by PLAINTIFF during PLAINTIFF's employment by YOU, including but not limited to wages, bonuses, stock options, deferred compensation, pension benefits, retirement plans, medical or other insurance, etc.

9.    Any and all DOCUMENTS, including but not limited to organizational charts or graphs, showing, describing, explaining, PERTAINING or RELATING to or reflecting PLAINTIFF's position(s) while employed by YOU in the last four (4) years before PLAINTIFF's TERMINATION, including but not limited to those showing or explaining the chain of authority or command above and below PLAINTIFF.

10. .   Any and all DOCUMENTS used, considered, reviewed, read or relied upon in deciding to TERMINATE PLAINTIFF's employment.

11.    Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that PLAINTIFF was TERMINATED.

- 8 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

12. Any and all DOCUMENTS reviewed, read, referred to or consulted by any person who had any input into or provided any information upon which the decision to TERMINATE PLAINTIFF was based.

13. Any and all DOCUMENTS showing, depicting, listing, PERTAINING or RELATING to who made or participated in the decision to TERMINATE PLAINTIFF's employment.

14. All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories.

15. All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories – employment law.

16. All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of special interrogatories.

17. Any and all DOCUMENTS pertaining to any investigation(s) into the allegations made by PLAINTIFF in the COMPLAINT, including but not limited to written statements of witnesses, notes of interviews with witnesses, tape recordings of any and all oral statements and/or interview of witnesses, transcriptions of any tape recordings of any and all oral statements and/or interview of witnesses, reports regarding the results of any and all investigations and/or correspondence PERTAINING to the allegations contained in the COMPLAINT.

18. All DOCUMENTS that reflect or relate to any statements made by any PERSON relating to any of the allegations contained in PLAINTIFF's COMPLAINT, including but not limited to written statements, notes of interviews, tape recordings of any and all oral statements and/or interviews, transcriptions of any tape recordings of any and all oral statements and/or interviews;

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

reports regarding the results of any and all interviews or investigations; or correspondence relating to the allegations contained in the COMPLAINT.

19.     All DOCUMENTS that support any affirmative defense YOU have pleaded or will plead in this action.

20.     All DOCUMENTS that summarize, constitute, memorialize, discuss, mention, comment upon or otherwise refer to any communication between YOU and any state or federal governmental entity, including but not limited to the National Labor Relations Board, the Labor and Workforce Development Agency, the Division of Labor Standards and Enforcement, the Employment Development Department, the United States Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing, regarding PLAINTIFF and/or any allegations of the COMPLAINT.

21.     Any and all DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies which may cover YOU for damages and/or defense costs related to this action.

22.     Any and all DOCUMENTS, including press releases, PERTAINING or RELATING the launching of Engage 360.

23.     The Long Term Energy Efficiency Strategic Plan adopted by the California Public Utilities Commission on or around September 18, 2008.

24.     Any and all advertising or promotional DOCUMENTS RELATING or PERTAINING to the Engage 360 campaign.

25.     Any and all DOCUMENTS, including contracts or agreements, between YOU and the any California public entity PERTAINING or RELATING to the Engage 360 campaign.

- 10 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

26.     Any and all DOCUMENTS RELATING to the funding available to hire personnel for the Engage 360 campaign.

27.     Any and all DOCUMENTS RELATING or PERTAINING to the total combined marketing budget for the Engage 360 campaign.

28.     Any and all DOCUMENTS RELATING to or showing the anticipated length of the Engage 360 campaign as of the date of PLAINTIFF's hire.

29.     Any and all DOCUMENTS RELATING to the anticipated duration of the Engage 360 campaign.

30.     Any and all DOCUMENTS RELATING to the Engage 360 campaign, including but not limited to DOCUMENTS showing or RELATING to the description of the Engage 360 campaign, its purpose, its funding and its anticipated length or duration.

31.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to PLAINTIFF's job duties as of the date of TERMINATION.

32.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Sarah Davis's job duties from the time hired by YOU to the present.

33.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jackson Taylor's job duties from the time hired by YOU to the present.

34.     Any and all DOCUMENTS of any kind showing, depicting or RELATING Justin Calhoun's job duties from the time hired by YOU to the present.

35.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jen Sokol's job duties from the time hired by YOU to the present.

36.     Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to PLAINTIFF.

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

37. Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to PLAINTIFF.

38. Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to PLAINTIFF.

39. Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to PLAINTIFF.

40. Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

41. Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

42. Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

43. Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

44. Any and all electronic mail RELATING or PERTAINING to the allegations in PLAINTIFF's COMPLAINT, including any affirmative defenses you may plead.

45. Any and all DOCUMENTS RELATING or PERTAINING to any negotiation with PLAINTIFF or anyone acting on PLAINTIFF's behalf RELATING to YOUR hiring of PLAINTIFF.

46. Any and all DOCUMENTS RELATING or PERTAINING to the terms and conditions of PLAINTIFF's employment when he was hired by YOU.

47. Any and all DOCUMENTS RELATING or PERTAINING to any and all changes to the terms and conditions of PLAINTIFF's employment with YOU that occurred during his employment with YOU.

- 12 -

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

48.   Any and all DOCUMENTS RELATING OR PERTAINING to, or describing, any compensation YOUR employees would receive for recruiting Community Managers or Assistant Community Managers for the Engage 360 campaign.

49.   Any and all DOCUMENTS, including job postings or requisitions, RELATING OR PERTAINING to the recruiting of prospective or potential employees for the Engage 360 campaign, including but not limited to the recruitment of Community Managers or Assistant Community Managers.

50.   Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that the Engage 360 campaign was terminated.

51.   Any and all DOCUMENTS, including but not limited to letters and electronic mail, sent by YOU (or by anyone acting on YOUR behalf) to PLAINTIFF from January 1, 2010 through present.

52.   Any and all DOCUMENTS that IDENTIFY all individuals who were TERMINATED by YOU due to lack of funding because the Engage 360 campaign was terminated.

52.   Any and all DOCUMENTS showing, describing, stating, or explaining that the Engage 360 campaign was fully funded.

53.   Any and all DOCUMENTS RELATING or PERTAINING the restructuring of the Engage 360 campaign.

54.   Any and all DOCUMENTS, including purchase orders, from any California public entity to you RELATING or PERTAINING to the Engage 360 campaign.

55.   Any and all payroll records or other similar DOCUMENTS RELATING or PERTAINING to PLAINTIFF during PLAINTIFF's employment by YOU.

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

56.     Any and all DOCUMENTS RELATING to any and all claims for unemployment insurance or disability benefits compensation made by PLAINTIFF in connection with PLAINTIFF's employment by YOU.

57.     Any and all DOCUMENTS RELATING or PERTAINING to any and all awards, honors or accolades received by PLAINTIFF while employed by YOU.

58.     Any and all DOCUMENTS of any kind RELATING to, PERTAINING to or supporting any after-acquired evidence defense that YOU intend to or are asserting in this action.

59.     Any and all DOCUMENTS RELATING to, showing or discussing the purpose or goals of the Engage 360 campaign.

60.     Any and all social media postings regarding or RELATING to the Engage 360 campaign.

61.     Any and all DOCUMENTS of any kind RELATING to the funding of the Engage 360 campaign.

DATED: November 15, 2012          **The deRubertis Law Firm, PLC**

By _____
     David M. deRubertis, Esq.
     Tyler F. Clark, Esq.
     Attorneys for Plaintiffs
     Brendan McPhillips, Leonard Sharlet,
     John Brushwood and Evan Franco

- 14 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

1   David M. deRubertis, State Bar No. 208709
    Tyler F. Clark, State Bar No. 258309
2   **The deRubertis Law Firm, PLC**
    4219 Coldwater Canyon Avenue
3   Studio City, California 91604
    Telephone:     (818) 761-2322
4   Facsimile:     (818) 761-2323
    E-Mail: David@deRubertisLaw.com
5   E-Mail: Tyler@deRubertisLaw.com

6   Attorneys for Plaintiffs
    Brendan McPhillips, Leonard Sharlet,
7   John Brushwood and Evan Franco

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN FRANCISCO**

10
    BRENDAN McPHILLIPS, an individual,      )   Case No.: CGG-12-524135
11  LEONARD SHARLET, an individual,         )
    JOHN BRUSHWOOD, an individual, and      )
12  EVAN FRANCO, an individual,             )   **SPECIAL INTERROGATORIES, SET**
                                            )   **ONE, PROPOUNDED BY PLAINTIFF**
13         Plaintiffs,                      )   **JOHN BRUSHWOOD TO DEFENDANT**
                                            )   **DRAFTFCB, INC.; DECLARATION OF**
14         v.                               )   **NECESSITY**
                                            )
15  THE INTERPUBLIC GROUP OF                )
    COMPANIES, INC., a Delaware Corporation;)   Complaint Filed:   September 12, 201
16  DRAFTFCB, INC., a Delaware Corporation; )   Trial Date:        None
    and DOES 1 through 50, inclusive,       )
17                                          )
         Defendants.                        )
18  _____)

19  **PROPOUNDING PARTY: JOHN BRUSHWOOD**

20  **RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

21  **SET NUMBER:         ONE (1)**

22      You are requested to answer the following interrogatories, separately, fully, in writing, and

23  under oath, and serve a copy of said answers no later than thirty days from the date of service of

24  this request. Please furnish all responsive information that is presently available to you.

25      **SPECIAL INTERROGATORY NO. 1:** IDENTIFY the person who has the most

26  knowledge of the reasons that PLAINTIFF was TERMINATED ("IDENTIFY" or

27  "IDENTIFYING" means: (a) with respect to an individual, state the person's name, job title at the

28  time in question, employer and business address and telephone at the time in question, employer

                                   - 1 -

1   and business address and telephone at the time in question and dates of employment (if an

2   employee of YOURS), and current or last known employer, business address, and home address

3   and telephone; (b) with respect to a company, state the name of the company, the place of

4   incorporation of the company, and the address of the company's principal place of business; (c)

5   with respect to a DOCUMENT, state the names of the author or creator and the addressee, the

6   subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if

7   the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

8   (d) with respect to a meeting, state the date, location, and subject matter of the meeting, and

9   IDENTIFY the participants in the meeting; (e) with respect to an insurance claim, or notice of

10  potential claim, state the identity of the policyholder; and (g) with respect to a lawsuit, state the

11  names of the parties, docket number, court, and the current status of the litigation. "PLAINTIFF"

12  refers to, John Brushwood, a Plaintiff in this action. "TERMINATE," "TERMINATE," OR

13  "TERMINATION" means the separation from employment by an employee of YOURS, whether

14  the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave

15  employment or any other end of the employment relationship).

16      **SPECIAL INTERROGATORY NO. 2:** IDENTIFY each and every person who had any

17  input into or participated in any way in the decision to TERMINATE PLAINTIFF, including but

18  not limited to those who made the actual decision and those who, directly or indirectly, supplied

19  information to the decision-makers.

20      **SPECIAL INTERROGATORY NO. 3:** For each and every person who had any input

21  into or participated in any way in the decision to TERMINATE PLAINTIFF, describe or explain

22  that person's role in the decision to terminate PLAINTIFF, including but not limited to whether he

23  or she made the decision to TERMINATE PLAINTIFF and/or supplied information upon which

24  the TERMINATION decision was based.

25      **SPECIAL INTERROGATORY NO. 4:** IDENTIFY any and all DOCUMENTS

26  reviewed, considered, used, read, or relied upon in the decision to TERMINATE PLAINTIFF

27  ("DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of

28

- 2 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1   all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic

2   recording, photograph, printing, tape, transcription of spoken language or other record of spoken

3   language, typewriting, writing or any other means as defined in Evidence Code §250, and includes

4   without limitation agreements, appointment books, bank statements, bills, books, business records,

5   facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries,

6   file cards, films, financial statements and reports, handwritten notes, including "post-it" or other

7   type adhesive notes, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of

8   telephone conversations, minutes, notes, notices, pamphlets, papers, pure orders, personnel records,

9   receipts, recordings, reports, telegrams and any other pertinent information set forth in written

10  language or any electronic representation thereof and any carbon or photostatic copies of such

11  material, if you do not have control over or possession of the original.  "DOCUMENT" also includes

12  information stored by computer or on a computer disk, diskette, tape or card, as well as any

13  electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar

14  recording of words, images, sounds, pictures, or information of any kind.  "DOCUMENT" also

15  includes any and all drafts of, and amendments, or supplements to, any of the foregoing, whether

16  prepared by you or any other person, as well as copies of the DOCUMENT that differ from the copy

17  being produced (e.g., a differing copy is one that contains handwritten notes, interlineation

18  underlining, and the like).)

19      **SPECIAL INTERROGATORY NO. 5:** State in full and complete detail all of the reasons

20  that PLAINTIFF was TERMINATED.

21      **SPECIAL INTERROGATORY NO. 6:** State in full and complete detail any and all facts

22  known to YOU at the time of PLAINTIFF's TERMINATION upon which YOU based YOUR

23  decision to TERMINATE PLAINTIFF's employment ("YOU" or "YOUR" as used herein shall

24  mean the party to whom this discovery request is directed, and, if the party to whom this request is

25  directed is an entity, it shall include any and all agents, officers, directors, employees, independent

26  contractors or other representatives of the entity to whom this request is directed).

27

28

- 3 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1    **SPECIAL INTERROGATORY NO. 7:**  Describe in full and complete detail all of

2    PLAINTIFF's job duties at the time of TERMINATION.

3        **SPECIAL INTERROGATORY NO. 8:**  Did YOU represent to PLAINTIFF in connection

4    with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012?

5        **SPECIAL INTERROGATORY NO. 9:**  If YOU represented to PLAINTIFF in connection

6    with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012,

7    IDENTIFY each and every DOCUMENT RELATING or PERTAINING to that representation

8    ("PERTAINING" and "RELATING," as used in this request, means evidencing, memorializing,

9    referring, constituting, containing, discussing, describing, embodying, reflecting, identifying,

10   mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter

11   referred to in this request.).

12       **SPECIAL INTERROGATORY NO. 10:**  If YOU represented to PLAINTIFF in

13   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

14   of 2012, IDENTIFY each and every person or individual employed by YOU that made such

15   representation(s).

16       **SPECIAL INTERROGATORY NO. 11:** If YOU represented to PLAINTIFF in connection

17   with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012, state

18   the date(s) on which such representation(s) was/were made.

19       **SPECIAL INTERROGATORY NO. 12:** If YOU did not represent to PLAINTIFF in

20   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

21   of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make

22   to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

23       **SPECIAL INTERROGATORY NO. 13:** If YOU did not represent to PLAINTIFF in

24   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

25   of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to

26   PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

27

28

- 4 -

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

1    **SPECIAL INTERROGATORY NO. 14:** If YOU did not represent to PLAINTIFF in

2    connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

3    of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or

4    representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

5    funding for Engage 360.

6         **SPECIAL INTERROGATORY NO. 15:** For each and every statement(s) or

7    representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

8    funding for Engage 360, state the date(s) on which such statement(s) or representation(s) was/were

9    made.

10        **SPECIAL INTERROGATORY NO. 16:** If YOU did not represent to PLAINTIFF in

11   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

12   of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make

13   to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

14        **SPECIAL INTERROGATORY NO 17:** If YOU did not represent to PLAINTIFF in

15   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

16   of 2012, please state in full and complete detail all statements or representations that YOU did make

17   to PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the

18   Engage 360 campaign.

19        **SPECIAL INTERROGATORY NO. 18:** If YOU did not represent to PLAINTIFF in

20   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

21   of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to

22   PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the

23   Engage 360 campaign.

24        **SPECIAL INTERROGATORY NO. 19:** If YOU did not represent to PLAINTIFF in

25   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

26   of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or

27

28

-5-

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1  representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

2  anticipated length of the Engage 360 campaign.

3     **SPECIAL INTERROGATORY NO. 20:** For each and every statement(s) or

4  representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

5  anticipated length of the Engage 360 campaign, state the date(s) on which such statement(s) or

6  representation(s) was/were made.

7     **SPECIAL INTERROGATORY NO. 21:** IDENTIFY each and every person that was

8  TERMINATED by YOU because Engage 360 lost funding.

9     **SPECIAL INTERROGATORY NO. 22:** IDENTIFY any and all DOCUMENTS

10  reviewed, considered, used, read, or relied upon in the decision to TERMINATE any persons other

11  than PLAINTIFF because Engage 360 lost funding.

12     **SPECIAL INTERROGATORY NO. 23:** IDENTIFY any and all DOCUMENTS that

13  PERTAIN or RELATING to the funding of Engage 360.

14     **SPECIAL INTERROGATORY NO. 24:** IDENTIFY the person who has the most

15  knowledge of Engage 360's funding.

16     **SPECIAL INTERROGATORY NO. 25:** IDENTIFY each and every one of PLAINTIFF's

17  supervisors and/or managers during his employment with YOU.

18     **SPECIAL INTERROGATORY NO. 26:** Describe in full and complete detail each and

19  every communication, whether written or oral, made by YOU to PLAINTIFF in which YOU

20  criticized his work performance before his TERMINATION.

21     **SPECIAL INTERROGATORY NO. 27:** IDENTIFY all DOCUMENTS that show,

22  reflect, RELATE or PERTAIN to any and all communications, whether written or oral, made by

23  YOU to PLAINTIFF in which YOU criticized his work performance before his TERMINATION.

24     **SPECIAL INTERROGATORY NO. 28:** State PLAINTIFF's monthly earnings while

25  employed by YOU by date and amount.

26     **SPECIAL INTERROGATORY NO. 29:** State PLAINTIFF's annual earnings while he

27  was employed by YOU.

28

- 6 -

1   **SPECIAL INTERROGATORY NO. 30:** Describe (including by describing the value to

2   PLAINTIFF or the cost to YOU) each form of non-wage compensation or fringe benefit that

3   PLAINTIFF was entitled to receive or did receive while employed by YOU, including but not

4   limited to health or other insurance, stock options, bonuses, deferred compensation, retirement

5   benefits or other forms of non-wage compensation during his employment with you.

6   **SPECIAL INTERROGATORY NO. 31:** State each job position PLAINTIFF held while

7   employed by YOU.

8   **SPECIAL INTERROGATORY NO. 32:** For each job position that PLAINTIFF held while

9   employed by YOU, state the date(s) on which PLAINTIFF held the position.

10  **SPECIAL INTERROGATORY NO. 33:** Describe in full and complete detail the job

11  duties of Sarah Davis in effect in 2011 to present.

12  **SPECIAL INTERROGATORY NO. 34:** Describe in full and complete detail the job

13  duties of Jackson Taylor in effect in 2011 to present.

14  **SPECIAL INTERROGATORY NO. 35:** Describe in full and complete detail the job

15  duties of Jen Sokol in effect in 2011 to present.

16  **SPECIAL INTERROGATORY NO. 36:** Describe in full and complete detail the job

17  duties of Justin Calhoun in effect in 2011 to present.

18  **SPECIAL INTERROGATORY NO. 37:** IDENTIFY each and every person who

19  participated in the hiring or recruitment of PLAINTIFF.

20  **SPECIAL INTERROGATORY NO. 38:** For each and every person who participated

21  in the hiring or recruitment of PLAINTIFF, describe or explain that persons role in hiring or

22  recruitment of PLAINTIFF.

23  **SPECIAL INTERROGATORY NO. 39:** IDENTIFY any and all DOCUMENTS

24  reviewed, considered, used, or relied upon in the decision to hire or recruit PLAINTIFF.

25  **SPECIAL INTERROGATORY NO. 40:** State in full and complete detail any and all

26  representation(s) made by YOU to PLAINTIFF PERTAINING or RELATING to his employment

27  with YOU during the hiring or recruitment process.

28

- 7 -

1    **SPECIAL INTERROGATORY NO. 41:** IDENTIFY each and every person who made any

2    representation(s) to PLAINTIFF PERTAINING or RELATING to his employment with YOU during

3    the hiring or recruitment process.

4    **SPECIAL INTERROGATORY NO. 42:** IDENTIFY each and every DOCUMENT that

5    describes, summarizes, constitutes or RELATES to any representation(s) YOU made to PLAINTIFF

6    RELATING to his employment with YOU during the hiring or recruitment process.

7    **SPECIAL INTERROGATORY NO. 43:** For each and every representation(s) made to

8    PLAINTIFF by YOU or on YOUR behalf to PLAINTIFF PERTAINING or RELATING to his

9    employment with YOU during the hiring or recruitment process, state the date(s) on which such

10   representation(s) were/was made.

11

12   DATED: November 15, 2012                    **The deRubertis Law Firm, PLC**

13                                               By
                                                      _____
14                                                    David M. deRubertis, Esq.
                                                      Tyler F. Clark, Esq.
15                                                    Attorneys for Plaintiffs
                                                      Brendan McPhillips, Leonard Sharlet,
16                                                    John Brushwood and Evan Franco

17

18

19

20

21

22

23

24

25

26

27

28

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

**DECLARATION OF DAVID M. DERUBERTIS, ESQ.:**

I, David M. deRubertis, Esq., hereby declare as follows:

1.    I am an attorney at the deRubertis Law Firm, PLC, an attorneys of record for John Brushwood, a plaintiff in this action.

2.    I am propounding to Defendant DraftFCB, Inc. the attached set of specially interrogatories.

3.    This set of interrogatories will cause the total number of special interrogatories propounded to the party to whom they are directed to exceed the number of requests permitted by Section 2030.030 of the Code of Civil Procedure.

4.    I have previously propounded a total of zero (0) special interrogatories to this party.

5.    This set of special interrogatories contains a total of forty three (43) special interrogatories.

6.    I am familiar with the issues and the previous discovery conducted by all the parties in this case.

7.    I have personally examined each of the questions in this set of interrogatories.

8.    This number of questions is warranted under Section 2030.040 of the Code of Civil Procedure because of the complexity and the quantity of the existing and potential issues in this case, and the expedience of using this method of discovery to provide the responding party the opportunity to conduct an inquiry, investigation, or search of files or records to supply the information sought. Furthermore, the Complaint alleges numerous acts against the Defendant, as well as issues of the Defendant's liability for the acts of another.  Plus, Defendants will raise numerous affirmative defenses.  This procedure is more expeditious that alternative methods of seeking this information.

9.    None of the Requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

- 9 -

1    I declare under the penalty of perjury under the laws of California that the foregoing is true

2  and correct and that this declaration was executed on November 15, 2012.

3

4                                    David M. deRubertis, Esq.

5                                    Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF JOHN BRUSHWOOD
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

DISC-002

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David M. deRubertis (SBN 208709)<br>Tyler F. Clark (SBN 258309)<br>The deRubertis Law Firm, PLC<br>4219 Coldwater Canyon Avenue<br>Studio City, California 91604 | |

TELEPHONE NO.: (818)761-2322     FAX NO. *(Optional):* (818)761-2323
E-MAIL ADDRESS *(Optional):* David@deRubertisLaw.com
ATTORNEY FOR *(Name):* Plaintiffs Brendan McPhillips, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
Civic Center Courthouse
400 McAllister Street
San Francisco, California 94102

SHORT TITLE:  BRENDAN McPHILLIPS, et al. v. THE INTERPUBLIC GROUP OF COMPANIES, INC., et al.

| | |
|---|---|
| **FORM INTERROGATORIES — EMPLOYMENT LAW**<br>Asking Party: JOHN BRUSHWOOD<br>Answering Party: DRAFTFCB, INC.<br>Set No.: One (1) | CASE NUMBER:<br>CGG-12-524135 |

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the EMPLOYEE and EMPLOYER to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
(DATE)                                    (SIGNATURE)

### Sec. 4. Definitions

Words in BOLDFACE CAPITALS in these interrogatories are defined as follows:

(a) PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Page 1 of 8

DISC-002

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):*

*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):*

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER**, including an "employee welfare benefit plan" or "employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

**CONTENTS**

200.0   Contract Formation
201.0   Adverse Employment Action
202.0   Discrimination Interrogatories to Employee
203.0   Harassment Interrogatories to Employee
204.0   Disability Discrimination
205.0   Discharge in Violation of Public Policy
206.0   Defamation
207.0   Internal Complaints
208.0   Governmental Complaints
209.0   Other Employment Claims by Employee or Against Employer
210.0   Loss of income Interrogatories to Employee
211.0   Loss of income Interrogatories to Employer
212.0   Physical, Mental, or Emotional Injuries— Interrogatories to Employee
213.0   Other Damages Interrogatories to Employee
214.0   Insurance
215.0   Investigation
216.0   Denials and Special or Affirmative Defenses
217.0   Response to Request for Admissions

**200.0   Contract Formation**

[x] 200.1  Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

[x] 200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

[x] 200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:
   (a)  state all facts upon which you base this contention;
   (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
   (c)  identify all **DOCUMENTS** that support your contention.

DISC-002

**[x] 200.4  Was any part of the parties' EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the EMPLOYER? If so, for each DOCUMENT containing the written rules, guidelines, policies, or procedures:

(a)    state the date and title of the DOCUMENT and a general description of its contents;

(b)    state the manner in which the DOCUMENT was communicated to employees; and

(c)    state the manner, if any, in which employees acknowledged either receipt of the DOCUMENT or knowledge of its contents.

**[x] 200.5  Was any part of the parties' EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the EMPLOYER (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)    the names and ADDRESSES of the parties to the collective bargaining agreement or memorandum of understanding;

(b)    the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)    which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the PLEADINGS and (2) the rules or procedures for resolving any dispute or claim referred to in the PLEADINGS.

**[x] 200.6  Do you contend that the EMPLOYEE and the** EMPLOYER were in a business relationship other than an EMPLOYMENT relationship? If so, for each relationship:

(a)    state the names of the parties to the relationship;

(b)    identify the relationship; and

(c)    state all facts upon which you base your contention that the parties were in a relationship other than an EMPLOYMENT relationship.

**201.0   Adverse Employment Action**

**[x] 201.1  Was the EMPLOYEE involved in a TERMINATION?** If so:

(a)    state all reasons for the EMPLOYEE'S TERMINATION;

(b)    state the name, ADDRESS, and telephone number of each PERSON who participated in the TERMINATION decision;

(c)    state the name, ADDRESS, and telephone number of each PERSON who provided any information relied upon in the TERMINATION decision; and

(d)    identify all DOCUMENTS relied upon in the TERMINATION decision.

**[x] 201.2  Are there any facts that would support the** EMPLOYEE'S TERMINATION that were first discovered after the TERMINATION? If so:

(a)    state the specific facts;

(b)    state when and how EMPLOYER first learned of each specific fact;

(c)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the specific facts; and

(d)    identify all DOCUMENTS that evidence these specific facts.

**201.3  Were there any other ADVERSE** EMPLOYMENT ACTIONS, including *(the asking party should list the ADVERSE EMPLOYMENT ACTIONS):*

If so, for each action, provide the following:

(a)    all reasons for each ADVERSE EMPLOYMENT ACTION;

(b)    the name, ADDRESS, and telephone number of each PERSON who participated in making each ADVERSE EMPLOYMENT ACTION decision;

(c)    the name, ADDRESS, and telephone number of each PERSON who provided any information relied upon in making each ADVERSE EMPLOYMENT ACTION decision; and

(d)    the identity of all DOCUMENTS relied upon in making each ADVERSE EMPLOYMENT ACTION decision.

**[x] 201.4  Was the TERMINATION or any other** ADVERSE EMPLOYMENT ACTIONS referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the EMPLOYEE'S job performance? If so, for each action:

(a)    identify the ADVERSE EMPLOYMENT ACTION;

(b)    identify the EMPLOYEE'S specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION;

(c)    identify any rules, guidelines, policies, or procedures that were used to evaluate the EMPLOYEE'S specific job performance;

(d)    state the names, ADDRESSES, and telephone numbers of all PERSONS who had responsibility for evaluating the specific job performance of the EMPLOYEE;

(e)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the EMPLOYEE'S specific job performance that played a role in that ADVERSE EMPLOYMENT ACTION; and

(f)    describe all warnings given with respect to the EMPLOYEE'S specific job performance.

DISC-002

[x] 201.5  Was any PERSON hired to replace the EMPLOYEE after the EMPLOYEE'S TERMINATION or demotion? If so, state the PERSON'S name, job title, qualifications, ADDRESS and telephone number; and the date the PERSON was hired.

[x] 201.6  Has any PERSON performed any of the EMPLOYEE'S former job duties after the EMPLOYEE'S TERMINATION or demotion? If so:
(a)  state the PERSON'S name, job title, ADDRESS, and telephone number;
(b)  identify the duties; and
(c)  state the date on which the PERSON started to perform the duties.

[ ] 201.7  If the ADVERSE EMPLOYMENT ACTION involved the failure or refusal to select the EMPLOYEE (for example, for hire, promotion, transfer, or training), was any other PERSON selected instead? If so, for each ADVERSE EMPLOYMENT ACTION, state the name, ADDRESS, and telephone number of each PERSON selected; the date the PERSON was selected; and the reason the PERSON was selected instead of the EMPLOYEE.

202.0   Discrimination—Interrogatories to Employee

[ ] 202.1  Do you contend that any ADVERSE EMPLOYMENT ACTIONS against you were discriminatory? If so:
(a)  identify each ADVERSE EMPLOYMENT ACTION that involved unlawful discrimination;
(b)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;
(c)  state all facts upon which you base each claim of discrimination;
(d)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(e)  identify all DOCUMENTS evidencing those facts.

[ ] 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

203.0   Harassment—Interrogatories to Employee

[ ] 203.1  Do you contend that you were unlawfully harassed in your employment? If so:
(a)  state the name, ADDRESS, telephone number, and employment position of each PERSON whom you contend harassed you;
(b)  for each PERSON whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)  state all facts upon which you base your contention that you were unlawfully harassed;
(e)  state the name, ADDRESS, and telephone number of each PERSON with knowledge of those facts; and
(f)  identify all DOCUMENTS evidencing those facts.

204.0   Disability Discrimination

[ ] 204.1  Name and describe each disability alleged in the PLEADINGS.

[ ] 204.2  Does the EMPLOYEE allege any injury or illness that arose out of or in the course of EMPLOYMENT? If so, state:
(a)  the nature of such injury or illness;
(b)  how such injury or illness occurred;
(c)  the date on which such injury or illness occurred;
(d)  whether EMPLOYEE has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)  whether EMPLOYEE has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

[ ] 204.3  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about the type or extent of any disability of EMPLOYEE? If so:
(a)  state the name, ADDRESS, and telephone number of each person who made or received the communications;
(b)  state the name, ADDRESS, and telephone number of each PERSON who witnessed the communications;
(c)  describe the date and substance of the communications; and
(d)  identify each DOCUMENT that refers to the communications.

[ ] 204.4  Did the EMPLOYER have any information about the type, existence, or extent of any disability of EMPLOYEE other than from communications with the EMPLOYEE or the EMPLOYEE'S HEALTH CARE PROVIDER? If so, state the sources and substance of that information and the name, ADDRESS, and telephone number of each PERSON who provided or received the information.

[ ] 204.5  Did the EMPLOYEE need any accommodation to perform any function of the EMPLOYEE'S job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

204.6  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about any possible accommodation of EMPLOYEE? If so, for each communication:

(a)   state the name, ADDRESS, and telephone number of each PERSON who made or received the communication;

(b)   state the name, ADDRESS, and telephone number of each PERSON who witnessed the communication;

(c)   describe the date and substance of the communication; and

(d)   identify each DOCUMENT that refers to the communication.

204.7  What did the EMPLOYER consider doing to accommodate the EMPLOYEE? For each accommodation considered:

(a)   describe the accommodation considered;

(b)   state whether the accommodation was offered to the EMPLOYEE;

(c)   state the EMPLOYEE'S response; or

(d)   if the accommodation was not offered, state all the reasons why this decision was made;

(e)   state the name, ADDRESS, and telephone number of each PERSON who on behalf of EMPLOYER made any decision about what accommodations, if any, to make for the EMPLOYEE; and

(f)   state the name, ADDRESS, and telephone number of each PERSON who on behalf of the EMPLOYER made or received any communications about what accommodations, if any, to make for the EMPLOYEE.

205.0   Discharge in Violation of Public Policy

205.1  Do you contend that the EMPLOYER took any ADVERSE EMPLOYMENT ACTION against you in violation of public policy? If so:

(a)   identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

(b)   state all facts upon which you base your contention that the EMPLOYER violated public policy.

206.0   Defamation

206.1  Did the EMPLOYER'S agents or employees PUBLISH any of the allegedly defamatory statements identified in the PLEADINGS? If so, for each statement:

(a)   identify the PUBLISHED statement;

(b)   state the name, ADDRESS, telephone number, and job title of each person who PUBLISHED the statement;

(c)   state the name, ADDRESS, and telephone number of each person to whom the statement was PUBLISHED;

(d)   state whether, at the time the statement was PUBLISHED, the PERSON who PUBLISHED the statement believed it to be true; and

(e)   state all facts upon which the PERSON who published the statement based the belief that it was true.

206.2  State the name and ADDRESS of each agent or employee of the EMPLOYER who responded to any inquiries regarding the EMPLOYEE after the EMPLOYEE'S TERMINATION.

206.3  State the name and ADDRESS of the recipient and the substance of each post-TERMINATION statement PUBLISHED about EMPLOYEE by any agent or employee of EMPLOYER.

207.0   Internal Complaints

[x] 207.1  Were there any internal written policies or regulations of the EMPLOYER that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

(a)   state the title and date of each DOCUMENT containing the policies or regulations and a general description of the DOCUMENT'S contents;

(b)   state the manner in which the DOCUMENT was communicated to EMPLOYEES;

(c)   state the manner, if any, in which EMPLOYEES acknowledged receipt of the DOCUMENT or knowledge of its contents, or both;

(d)   state, if you contend that the EMPLOYEE failed to use any available internal complaint procedures, all facts that support that contention; and

(e)   state, if you contend that the EMPLOYEE'S failure to use internal complaint procedures was excused, all facts why the EMPLOYEE'S use of the procedures was excused.

[x] 207.2  Did the EMPLOYEE complain to the EMPLOYER about any of the unlawful conduct alleged in the PLEADINGS? If so, for each complaint:

(a)   state the date of the complaint;

(b)   state the nature of the complaint;

(c)   state the name and ADDRESS of each PERSON to whom the complaint was made;

(d)   state the name, ADDRESS, telephone number, and job title of each PERSON who investigated the complaint;

(e)   state the name, ADDRESS, telephone number, and job title of each PERSON who participated in making decisions about how to conduct the investigation;

(f)    state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)    state the nature and date of any action taken in response to the complaint;

(h)    state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when;

(i)    identify all DOCUMENTS relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the EMPLOYEE'S complaint or the EMPLOYER'S response to the complaint.

**208.0   Governmental Complaints**

☐   208.1  Did the EMPLOYEE file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the PLEADINGS? If so, for each claim, complaint, or charge:

(a)    state the date on which it was filed;

(b)    state the name and ADDRESS of the agency with which it was filed;

(c)    state the number assigned to the claim, complaint, or charge by the agency;

(d)    state the nature of each claim, complaint, or charge made;

(e)    state the date on which the EMPLOYER was notified of the claim, complaint, or charge;

(f)    state the name, ADDRESS, and telephone number of all PERSONS within the governmental agency with whom the EMPLOYER has had any contact or communication regarding the claim, complaint, or charge;

(g)    state whether a right to sue notice was issued and, if so, when; and

(h)    state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☐   208.2  Did the EMPLOYER respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)    state the nature and date of any investigation done or any other action taken by the EMPLOYER in response to the claim, complaint, or charge;

(b)    state the name, ADDRESS, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)    state the name, ADDRESS, telephone number, and job title of each PERSON who participated in making decisions about how to conduct the investigation; and

(d)    state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0   Other Employment Claims by Employee or Against Employer**

☐   209.1  Except for this action, in the past 10 years has the EMPLOYEE filed a civil action against any employer regarding the EMPLOYEE'S employment? If so, for each civil action:

(a)    state the name, ADDRESS, and telephone number of each employer against whom the action was filed;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYEE; and

(d)    state whether the action has been resolved or is pending.

☒   209.2  Except for this action, in the past 10 years has any employee filed a civil action against the EMPLOYER regarding his or her employment? If so, for each civil action:

(a)    state the name, ADDRESS, and telephone number of each employee who filed the action;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYER; and

(d)    state whether the action has been resolved or is pending.

**210.0   Loss of Income—Interrogatories to Employee**

☐   210.1  Do you attribute any loss of income, benefits, or earning capacity to any ADVERSE EMPLOYMENT ACTION? *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☐   210.2  State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☐   210.3  Will you lose income, benefits, or earning capacity in the future as a result of any ADVERSE EMPLOYMENT ACTION? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☐   210.4  Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

DISC-002

☐ 210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the ADVERSE EMPLOYMENT ACTION had not occurred? If so, state the cost for each benefit purchased.

☐ 210.6  Have you obtained other employment since any ADVERSE EMPLOYMENT ACTION? If so, for each new employment:
(a)   state when the new employment commenced;
(b)   state the hourly rate or monthly salary for the new employment; and
(c)   state the benefits available from the new employment.

**211.0  Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

☒ 211.1  Identify each type of BENEFIT to which the EMPLOYEE would have been entitled, from the date of the ADVERSE EMPLOYMENT ACTION to the present, if the ADVERSE EMPLOYMENT ACTION had not happened and the EMPLOYEE had remained in the same job position. For each type of benefit, state the amount the EMPLOYER would have paid to provide the benefit for the EMPLOYEE during this time period and the value of the BENEFIT to the EMPLOYEE.

☒ 211.2  Do you contend that the EMPLOYEE has not made reasonable efforts to minimize the amount of the EMPLOYEE'S lost income? If so:
(a)   describe what more EMPLOYEE should have done;
(b)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts that support your contention; and
(c)   identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☒ 211.3  Do you contend that any of the lost income claimed by the EMPLOYEE, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the ADVERSE EMPLOYMENT ACTION? If so:
(a)   state the amount of claimed lost income that you dispute;
(b)   state all facts upon which you base your contention;
(c)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d)   identify all DOCUMENTS that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**212.0  Physical, Mental, or Emotional Injuries—Interrogatories to Employee**

☐ 212.1  Do you attribute any physical, mental, or emotional injuries to the ADVERSE EMPLOYMENT ACTION? *(If your answer is "no," do not answer interrogatories 212.2 through 212.7.)*

☐ 212.2  Identify each physical, mental, or emotional injury that you attribute to the ADVERSE EMPLOYMENT ACTION and the area of your body affected.

☐ 212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each complaint state:
(a)   a description of the injury;
(b)   whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)   the frequency and duration.

☐ 212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each HEALTH CARE PROVIDER state:
(a)   the name, ADDRESS, and telephone number;
(b)   the type of consultation, examination, or treatment provided;
(c)   the dates you received consultation, examination, or treatment; and
(d)   the charges to date.

☐ 212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each medication state:
(a)   the name of the medication;
(b)   the name, ADDRESS and telephone number of the PERSON who prescribed or furnished it;
(c)   the date prescribed or furnished;
(d)   the dates you began and stopped taking it; and
(e)   the cost to date.

☐ 212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the ADVERSE EMPLOYMENT ACTION? If so, for each service state:
(a)   the nature;
(b)   the date;
(c)   the cost; and
(d)   the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER.

DISC-002

212.7  Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each injury state:

(a)   the name and ADDRESS of each HEALTH CARE PROVIDER;

(b)   the complaints for which the treatment was advised; and

(c)   the nature, duration, and estimated cost of the treatment.

**213.0   Other Damages—Interrogatories to Employee**

213.1  Are there any other damages that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each item of damage state:

(a)   the nature;

(b)   the date it occurred;

(c)   the amount; and

(d)   the name, ADDRESS, and telephone number of each PERSON who has knowledge of the nature or amount of the damage.

213.2  Do any DOCUMENTS support the existence or amount of any item of damages claimed in Interrogatory 213.1? If so, identify the DOCUMENTS and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**214.0   Insurance**

[x] 214.1  At the time of the ADVERSE EMPLOYMENT ACTION, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the ADVERSE EMPLOYMENT ACTION? If so, for each policy state:

(a)   the kind of coverage;

(b)   the name and ADDRESS of the insurance company;

(c)   the name, ADDRESS, and telephone number of each named insured;

(d)   the policy number;

(e)   the limits of coverage for each type of coverage contained in the policy;

(f)   whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)   the name, ADDRESS, and telephone number of the custodian of the policy.

214.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the ADVERSE EMPLOYMENT ACTION? If so, specify the statute.

**215.0   Investigation**

[x] 215.1  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the ADVERSE EMPLOYMENT ACTION? If so, for each individual state:

(a)   the name, ADDRESS, and telephone number of the individual interviewed;

(b)   the date of the interview; and

(c)   the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

[x] 215.2  Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the ADVERSE EMPLOYMENT ACTION? If so, for each statement state:

(a)   the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;

(b)   the name, ADDRESS, and telephone number of the individual who obtained the statement;

(c)   the date the statement was obtained; and

(d)   the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**216.0   Denials and Special or Affirmative Defenses**

[x] 216.1  Identify each denial of a material allegation and each special or affirmative defense in your PLEADINGS and for each:

(a)   state all facts upon which you base the denial or special or affirmative defense;

(b)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(c)   identify all DOCUMENTS and all other tangible things, that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**217.0   Response to Request for Admissions**

217.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)   state the number of the request;

(b)   state all facts upon which you base your response;

(c)   state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(d)   identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

DISC-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David M. deRubertis (SBN 208709)<br>Tyler F. Clark (SBN 258309)<br>**The deRubertis Law Firm, PLC**<br>4219 Coldwater Canyon Avenue<br>Studio City, California 91604<br>TELEPHONE NO.: (818)761-2322<br>FAX NO. *(Optional):* (818)761-2323<br>E-MAIL ADDRESS *(Optional):* David@deRubertisLaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Brendan McPhillips, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
San Francisco County Superior Court
Civic Center Courthouse

SHORT TITLE OF CASE:  BRENDAN McPHILLIPS, et al  . v. THE INTERPUBLIC GROUP OF COMPANIES, INC., et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: JOHN BRUSHWOOD<br><br>Answering Party:  DRAFTFCB, INC.<br>Set No.:  One (1) | CGG-12-524135 |

## Sec. 1.    Instructions to All Parties

(a)   Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath.  The interrogatories below are form interrogatories approved for use in civil cases.

(b)   For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)   These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2.    Instructions to the Asking Party

(a)   These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000.  Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)   Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)   You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)   The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)   Additional interrogatories may be attached.

## Sec. 3.    Instructions to the Answering Party

(a)   An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)   As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)   Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)   If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)   Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)   Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)   If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)   Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
                (DATE)                                    (SIGNATURE)

## Sec. 4.   Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[x]   (1)   INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-001 [Rev. January 1, 2008] | FORM INTERROGATORIES—GENERAL | Code of Civil Procedure,<br>§§ 2030.010-2030.410, 2033.710 |

Legal
Solutions
Plus

☐ (2) INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(f) ADDRESS means the street address, including the city, state, and zip code.

Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation — General
13.0 Investigation — Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
       Family Law *[See separate form FL-145]*

1.0 Identity of Persons Answering These Interrogatories

☐ 1.1 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

2.0 General Background Information—Individual

☐ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the INCIDENT, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence ADDRESS;
(b) your residence ADDRESSES for the past five years; and
(c) the dates you lived at each ADDRESS.

☐ 2.6 State:
(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☐ 2.7 State:
(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**FORM INTERROGATORIES—GENERAL**

DISC-001

[ ] 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
   (a) the name, ADDRESS, and telephone number of that PERSON; and
   (b) a description of your duties.

[ ] 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
   (a) the name, ADDRESS, and telephone number;
   (b) the nature of the disability or condition; and
   (c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

[ ] 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
   (a) the name, ADDRESS, and telephone number;
   (b) the nature or description of each substance;
   (c) the quantity of each substance used or taken;
   (d) the date and time of day when each substance was used or taken;
   (e) the ADDRESS where each substance was used or taken;
   (f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
   (g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information — Business Entity**

[x] 3.1 Are you a corporation? If so, state:
   (a) the name stated in the current articles of incorporation;
   (b) all other names used by the corporation during the past 10 years and the dates each was used;
   (c) the date and place of incorporation;
   (d) the ADDRESS of the principal place of business; and
   (e) whether you are qualified to do business in California.

[x] 3.2 Are you a partnership? If so, state:
   (a) the current partnership name;
   (b) all other names used by the partnership during the past 10 years and the dates each was used;
   (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
   (d) the name and ADDRESS of each general partner; and
   (e) the ADDRESS of the principal place of business.

[x] 3.3 Are you a limited liability company? If so, state:
   (a) the name stated in the current articles of organization;
   (b) all other names used by the company during the past 10 years and the date each was used;
   (c) the date and place of filing of the articles of organization;
   (d) the ADDRESS of the principal place of business; and
   (e) whether you are qualified to do business in California.

[x] 3.4 Are you a joint venture? If so, state:
   (a) the current joint venture name;
   (b) all other names used by the joint venture during the past 10 years and the dates each was used;
   (c) the name and ADDRESS of each joint venturer; and
   (d) the ADDRESS of the principal place of business.

[x] 3.5 Are you an unincorporated association? If so, state:
   (a) the current unincorporated association name;
   (b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
   (c) the ADDRESS of the principal place of business.

[x] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
   (a) the name;
   (b) the dates each was used;
   (c) the state and county of each fictitious name filing; and
   (d) the ADDRESS of the principal place of business.

[x] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
   (a) identify the license or registration;
   (b) state the name of the public entity; and
   (c) state the dates of issuance and expiration.

**4.0 Insurance**

[x] 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
   (a) the kind of coverage;
   (b) the name and ADDRESS of the insurance company;
   (c) the name, ADDRESS, and telephone number of each named insured;
   (d) the policy number;
   (e) the limits of coverage for each type of coverage contained in the policy;
   (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
   (g) the name, ADDRESS, and telephone number of the custodian of the policy.

[ ] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[ ] 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (*If your answer is "no," do not answer interrogatories 6.2 through 6.7*).

[ ] 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

---

DISC-001

6.3 Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

6.7 Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

7.0   Property Damage

7.1 Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

8.0   Loss of Income or Earning Capacity

8.1 Do you attribute any loss of income or earning capacity to the INCIDENT? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

8.3 State the last date before the INCIDENT that you worked for compensation.

8.4 State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the INCIDENT.

8.6 State the dates you did not work and for which you lost income as a result of the INCIDENT.

8.7 State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8 Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

DISC-001

**9.0 Other Damages**

☐ 9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☐ 9.2    Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**10.0 Medical History**

☐ 10.1    At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2    List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3    At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☐ 11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☒ 12.1    State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ 12.2    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☒ 12.3    Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

DISC-001

[x]  **12.4** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:
  (a)  the number of photographs or feet of film or videotape;
  (b)  the places, objects, or persons photographed, filmed, or videotaped;
  (c)  the date the photographs, films, or videotapes were taken;
  (d)  the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and
  (e)  the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

[x]  **12.5** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the INCIDENT? If so, for each item state:
  (a)  the type (i.e., diagram, reproduction, or model);
  (b)  the subject matter; and
  (c)  the name, ADDRESS, and telephone number of each PERSON who has it.

[x]  **12.6** Was a report made by any PERSON concerning the INCIDENT? If so, state:
  (a)  the name, title, identification number, and employer of the PERSON who made the report;
  (b)  the date and type of report made;
  (c)  the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and
  (d)  the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

[x]  **12.7** Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:
  (a)  the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
  (b)  the date of the inspection.

**13.0** Investigation—Surveillance

[ ]  **13.1** Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:
  (a)  the name, ADDRESS, and telephone number of the individual or party;
  (b)  the time, date, and place of the surveillance;
  (c)  the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and
  (d)  the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

[ ]  **13.2** Has a written report been prepared on the surveillance? If so, for each written report state:
  (a)  the title;
  (b)  the date;
  (c)  the name, ADDRESS, and telephone number of the individual who prepared the report; and
  (d)  the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**14.0** Statutory or Regulatory Violations

[ ]  **14.1** Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

[ ]  **14.2** Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:
  (a)  the name, ADDRESS, and telephone number of the PERSON;
  (b)  the statute, ordinance, or regulation allegedly violated;
  (c)  whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and
  (d)  the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**15.0** Denials and Special or Affirmative Defenses

[x]  **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
  (a)  state all facts upon which you base the denial or special or affirmative defense;
  (b)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
  (c)  identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**16.0** Defendant's Contentions—Personal Injury

[ ]  **16.1** Do you contend that any PERSON, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:
  (a)  state the name, ADDRESS, and telephone number of the PERSON;
  (b)  state all facts upon which you base your contention;
  (c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
  (d)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ]  **16.2** Do you contend that plaintiff was not injured in the INCIDENT? If so:
  (a)  state all facts upon which you base your contention;
  (b)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
  (c)  identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

DISC-001

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

17.0  Responses to Request for Admissions

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

18.0  [Reserved]

19.0  [Reserved]

20.0  How the Incident Occurred—Motor Vehicle

20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2  For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

DISC-001

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐ 20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the INCIDENT;

(b) at the time of the INCIDENT; and

(c) just after the INCIDENT.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

25.0 *[Reserved]*

30.0 *[Reserved]*

40.0 *[Reserved]*

50.0 Contract

☐ 50.1 For each agreement alleged in the pleadings:

(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;

(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;

(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

60.0 *[Reserved]*

1  David M. deRubertis, State Bar No. 208709
   Tyler F. Clark, State Bar No. 258309
2  **The deRubertis Law Firm, PLC**
   4219 Coldwater Canyon Avenue
3  Studio City, California 91604
   Telephone:   (818) 761-2322
4  Facsimile:   (818) 761-2323
   E-Mail: David@deRubertisLaw.com
5  E-Mail: Tyler@deRubertisLaw.com

6  Attorneys for Plaintiffs
   Brendan McPhillips, Leonard Sharlet,
7  John Brushwood and Evan Franco

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN FRANCISCO**

10
    BRENDAN McPHILLIPS, an individual,    )   Case No.: CGG-12-524135
11  LEONARD SHARLET, an individual,       )
    JOHN BRUSHWOOD, an individual, and    )
12  EVAN FRANCO, an individual,           )   **DEMAND FOR INSPECTION AND**
                                          )   **PRODUCTION OF DOCUMENTS AND**
13           Plaintiffs,                  )   **TANGIBLE ITEMS, SET ONE,**
                                          )   **PROPOUNDED BY PLAINTIFF**
14           v.                           )   **LEONARD SHARLET TO DEFENDANT**
                                          )   **DRAFTFCB, INC.**
15  THE INTERPUBLIC GROUP OF              )
    COMPANIES, INC., a Delaware Corporation; )
16  DRAFTFCB, INC., a Delaware Corporation; )  Complaint Filed:   September 12, 201
    and DOES 1 through 50, inclusive,     )   Trial Date:        None
17                                        )
             Defendants.                  )
18                                        )

19       **PROPOUNDING PARTY: LEONARD SHARLET**

20       **RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

21       **SET NUMBER:          ONE (1)**

22       Demand is hereby made, pursuant to Code of Civil Procedure section 2031, that you

23  produce and permit inspection and copying of the documents described below.  The place of

24  inspection shall be the deRubertis Law Firm, PLC, located at 4219 Coldwater Canyon Avenue,

25  Studio City, California 91604 or at such other location as agreed by the parties.  The time for such

26

27

28
                                    - 1 -

    **PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

1   inspection shall be thirty (30) days from the date of service of this demand at 10:00 a.m., and

2   continuing as long as reasonably necessary.

3                               **DEFINITIONS**

4           As used herein, the following terms shall have the following meanings:

5           A.      "DOCUMENT" means all originals, drafts and copies that differ in any way from

6   the originals of all written, recorded or graphic matter, whether produced or reproduced by

7   handwriting, magnetic recording, photograph, printing, tape, transcription of spoken language or

8   other record of spoken language, typewriting, writing or any other means as defined in Evidence

9   Code §250, and includes without limitation agreements, appointment books, bank statements,

10  bills, books, business records, facsimiles, calendars, cards, checks, charts, computer printouts and

11  tapes, correspondence, diaries, file cards, films, financial statements and reports, handwritten

12  notes, including "post-its" or other type adhesive notes, invoices, journals, ledgers, letters, logs,

13  memoranda, memorials in any form of telephone conversations, minutes, notes, notices, pamphlets,

14  papers, purchase orders, personnel records, receipts, recordings, reports, telegrams, and any other

15  pertinent information set forth in written language or any electronic representation thereof and any

16  carbon or copies of such material, if you do not have control over or possession of the original.

17          "DOCUMENT" also includes all electronically stored information, including but not limited

18  to information stored by computer or on a computer disk, diskette, tape or card, as well as any

19  electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar

20  recording of words, images, sounds, pictures, or information of any kind.

21          "DOCUMENT" also includes any and all drafts of, and amendments, or supplements to, any

22  of the foregoing, whether prepared by you or any other person, as well as copies of the document that

- 2 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

differ from the copy being produced (e.g., a differing copy is one that contains handwritten notes, interlineation, underlining, and the like).

If a "DOCUMENT" is an electronic mail, the electronic mail should be produced in its original format so that any and all attachments to the electronic mail are produced and the entire chain of electronic mail communication is produced.

B.    "PERSON" means all individuals and entities of any nature whatsoever and includes, in the plural as well as in the singular, any natural person, firm, association, partnership, joint venture, corporation, subdivision or part thereof, or any other entity, including all representatives of any such person or persons.  The masculine pronoun shall also include the feminine.

C.    "YOU" or "YOUR" as used herein shall mean the party to whom this discovery request is directed, and, if the party to whom this request is directed is an entity, it shall include any and all agents, officers, directors, employees, independent contractors or other representatives of the entity to whom this request is directed.

D.    "PERTAINING" and "RELATING," as used in this request, means evidencing, memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter referred to in this request.

E.    "PLAINTIFF," as used in this request, means the Plaintiff in this action, Leonard Sharlet.

F.    "COMPLAINT," as used in this request, means the Complaint for Damages on file in this action.

G.    The term "PERSONNEL FILE" includes any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of

- 3 -

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, and other similar records. The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code section 1198.5.

H.     "IDENTIFY" or "IDENTIFYING" means:

a.  with respect to an individual, state the person's name, title at the time in question, employer and business address at the time in question, employer and business address at the time in question and dates of employment (if an employee of YOURS), and current or last known employer, business address, and home address;

b.  with respect to a company, state the name of the company, the place of incorporation of the company, and the address of the company's principal place of business;

c.  with respect to a DOCUMENT, state the names of the author or creator and the addressee, the subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

d.  with respect to a meeting, state the date, location, and subject matter of the meeting, and IDENTIFY the participants in the meeting;

e.  with respect to an insurance claim, or notice of potential claim, state the identity of the policyholder;

f.  with respect to a LIABILITY POLICY, state the policy number, policy period and stated limits of the policy;

- 4 -

g.   with respect to a lawsuit, state the names of the parties, docket number, court, and the current status of the litigation.

I.      "TERMINATE," "TERMINATED," OR "TERMINATION" means the separation from employment by an employee of YOURS, whether the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave employment or any other end of the employment relationship

## INSTRUCTIONS

1.      The DOCUMENTS produced pursuant to this Request must be segregated and identified according to the specific request to which they are responsive.  Duplicate copies of DOCUMENTS, which are responsive to, more than one request need not be produced if the specific request to which the DOCUMENTS relate is designated.

2.      Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall mean "and/or," so that no DOCUMENT shall fail to be produced because of a limiting interpretation of the terms "and" or "or"; and words imparting the masculine include the feminine and vice versa.

3.      The DOCUMENTS requested by this Request specifically include, but are not limited to, those DOCUMENTS in the possession custody or control of YOUR agents representatives, attorneys, accountants, auditors, investigators, consultants, or any other PERSON acting on YOUR behalf.

4.      If YOU object to any part of any category of DOCUMENTS requested, please specify each such part, the basis for the objection, and indicate the extent to which YOU will be producing DOCUMENTS responsive to that category of documents requested.

- 5 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

5.    If YOU withhold any DOCUMENT demanded on the grounds of privilege, please specify for each such DOCUMENT:

a.    the name and job title of each author of the DOCUMENT;

b.    the name and job title of each recipient of it and any other PERSON to whom a copy was furnished;

c.    the date of the DOCUMENT;

d.    a brief description of the general subject matter of the DOCUMENT;

e.    each paragraph of this demand to which the DOCUMENT is responsive; and

f.    the type of privilege claimed.

6.    If the Request calls for the production of a DOCUMENT that has been destroyed, placed beyond YOUR control, or otherwise disposed of, set forth with respect to each such DOCUMENT:

a.    the author of the DOCUMENT;

b.    the addressee, if any, and those PERSONS, if any, specified in the DOCUMENT to receive a copy thereof;

c.    the title of the DOCUMENT, if any, or other identifying data;

d.    the type of DOCUMENT (e.g., memorandum, letter);

e.    in summary, the nature and subject matter of the DOCUMENT;

f.    the date the DOCUMENT was prepared;

g.    the date the DOCUMENT was sent or received by YOU, as the case may be;

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

h.      the identity of all individuals to whom the substance of the DOCUMENT was

transmitted, or who saw such DOCUMENT, and under what circumstances;

i.      the present location of the DOCUMENT, if not destroyed; and

j.      the name, title, home and business address, and the home and business telephone

number, of the current custodian of the DOCUMENT.

7.      When the Request does not specifically ask for a particular DOCUMENT, but the

DOCUMENT would help to make the production complete, comprehensive or not misleading,

please produce the DOCUMENT.  Only non-identical copies of DOCUMENTS are to be considered

separate DOCUMENTS.

8.      Unless otherwise indicated, all of the requests set forth below call for responsive

DOCUMENTS created at any time notwithstanding the fact that some of those requests relate to

events occurring during specific time periods.

## REQUESTS

1.      The PLAINTIFF's complete personnel file.

2.      Any and all DOCUMENTS PERTAINING or RELATING to PLAINTIFF's job

performance while employed by YOU, including but not limited to performance appraisals or

evaluations, commendations, awards, and/or letters of thanks, recognition or appreciation or any

other similar DOCUMENTS.

3.      Any and all DOCUMENTS signed by PLAINTIFF PERTAINING or RELATING to

the obtaining of employment by YOU as defined by Labor Code section 432.

4.      Any and all DOCUMENTS PERTAINING or RELATING to any contracts and/or

agreements RELATING to PLAINTIFF's employment, including but not limited to any and all

- 7 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

DOCUMENTS reflecting any termination of, modifications of, changes to, revisions to and/or drafts of any such alleged contracts or agreements RELATING or PERTAINING to PLAINTIFF's employment by YOU.

5.      The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF PERTAINING, RELATING or referring to PLAINTIFF and/or to the terms and conditions of PLAINTIFF's employment by YOU.

6.      Any and all DOCUMENTS showing or describing all position(s) held by PLAINTIFF during her employment by YOU.

7.      Any and all DOCUMENTS showing, describing, explaining, PERTAINING to or RELATING to PLAINTIFF's job duties in every position she held while employed by YOU.

8.      Any and all DOCUMENTS showing, describing, PERTAINING to or RELATING to the wages and/or other forms of compensation earned by PLAINTIFF during PLAINTIFF's employment by YOU, including but not limited to wages, bonuses, stock options, deferred compensation, pension benefits, retirement plans, medical or other insurance, etc.

9.      Any and all DOCUMENTS, including but not limited to organizational charts or graphs, showing, describing, explaining, PERTAINING or RELATING to or reflecting PLAINTIFF's position(s) while employed by YOU in the last four (4) years before PLAINTIF's TERMINATION, including but not limited to those showing or explaining the chain of authority or command above and below PLAINTIFF.

10.     Any and all DOCUMENTS used, considered, reviewed, read or relied upon in deciding to TERMINATE PLAINTIFF's employment.

11.     Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that PLAINTIFF was TERMINATED.

- 8 -

12.    Any and all DOCUMENTS reviewed, read, referred to or consulted by any person who had any input into or provided any information upon which the decision to TERMINATE PLAINTIFF was based.

13.    Any and all DOCUMENTS showing, depicting, listing, PERTAINING or RELATING to who made or participated in the decision to TERMINATE PLAINTIFF's employment.

14.    All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories.

15.    All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of form interrogatories – employment law.

16.    All DOCUMENTS IDENTIFIED in YOUR response to PLAINTIFF's first set of special interrogatories.

17.    Any and all DOCUMENTS pertaining to any investigation(s) into the allegations made by PLAINTIFF in the COMPLAINT, including but not limited to written statements of witnesses, notes of interviews with witnesses, tape recordings of any and all oral statements and/or interview of witnesses, transcriptions of any tape recordings of any and all oral statements and/or interview of witnesses, reports regarding the results of any and all investigations and/or correspondence PERTAINING to the allegations contained in the COMPLAINT.

18.    All DOCUMENTS that reflect or relate to any statements made by any PERSON relating to any of the allegations contained in PLAINTIFF's COMPLAINT, including but not limited to written statements, notes of interviews, tape recordings of any and all oral statements and/or interviews; transcriptions of any tape recordings of any and all oral statements and/or interviews;

- 9 -

reports regarding the results of any and all interviews or investigations; or correspondence relating to the allegations contained in the COMPLAINT.

19.   All DOCUMENTS that support any affirmative defense YOU have pleaded or will plead in this action.

20.   All DOCUMENTS that summarize, constitute, memorialize, discuss, mention, comment upon or otherwise refer to any communication between YOU and any state or federal governmental entity, including but not limited to the National Labor Relations Board, the Labor and Workforce Development Agency, the Division of Labor Standards and Enforcement, the Employment Development Department, the United States Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing, regarding PLAINTIFF and/or any allegations of the COMPLAINT.

21.   Any and all DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies which may cover YOU for damages and/or defense costs related to this action.

22.   Any and all DOCUMENTS, including press releases, PERTAINING or RELATING the launching of Engage 360.

23.   The Long Term Energy Efficiency Strategic Plan adopted by the California Public Utilities Commission on or around September 18, 2008.

24.   Any and all advertising or promotional DOCUMENTS RELATING or PERTAINING to the Engage 360 campaign.

25.   Any and all DOCUMENTS, including contracts or agreements, between YOU and the any California public entity PERTAINING or RELATING to the Engage 360 campaign.

- 10 -

26.     Any and all DOCUMENTS RELATING to the funding available to hire personnel for the Engage 360 campaign.

27.     Any and all DOCUMENTS RELATING or PERTAINING to the total combined marketing budget for the Engage 360 campaign.

28.     Any and all DOCUMENTS RELATING to or showing the anticipated length of the Engage 360 campaign as of the date of PLAINTIFF's hire.

29.     Any and all DOCUMENTS RELATING to the anticipated duration of the Engage 360 campaign.

30.     Any and all DOCUMENTS RELATING to the Engage 360 campaign, including but not limited to DOCUMENTS showing or RELATING to the description of the Engage 360 campaign, its purpose, its funding and its anticipated length or duration.

31.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to PLAINTIFF's job duties as of the date of TERMINATION.

32.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Sarah Davis's job duties from the time hired by YOU to the present.

33.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jackson Taylor's job duties from the time hired by YOU to the present.

34.     Any and all DOCUMENTS of any kind showing, depicting or RELATING Justin Calhoun's job duties from the time hired by YOU to the present.

35.     Any and all DOCUMENTS of any kind showing, depicting or RELATING to Jen Sokol's job duties from the time hired by YOU to the present.

36.     Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to PLAINTIFF.

- 11 -

PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.

37.    Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to PLAINTIFF.

38.    Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to PLAINTIFF.

39.    Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to PLAINTIFF.

40.    Any and all electronic mail sent to or received by Sarah Davis while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

41.    Any and all electronic mail sent to or received by Jackson Taylor while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

42.    Any and all electronic mail sent to or received by Justin Calhoun while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

43.    Any and all electronic mail sent to or received by Jen Sokol while employed by YOU RELATING or PERTAINING to the Engage 360 campaign.

44.    Any and all electronic mail RELATING or PERTAINING to the allegations in PLAINTIFF's COMPLAINT, including any affirmative defenses you may plead.

45.    Any and all DOCUMENTS RELATING or PERTAINING to any negotiation with PLAINTIFF or anyone acting on PLAINTIFF's behalf RELATING to YOUR hiring of PLAINTIFF.

46.    Any and all DOCUMENTS RELATING or PERTAINING to the terms and conditions of PLAINTIFF's employment when he was hired by YOU.

47.    Any and all DOCUMENTS RELATING or PERTAINING to any and all changes to the terms and conditions of PLAINTIFF's employment with YOU that occurred during his employment with YOU.

- 12 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

48.     Any and all DOCUMENTS RELATING OR PERTAINING to, or describing, any compensation YOUR employees would receive for recruiting Community Managers or Assistant Community Managers for the Engage 360 campaign.

49.     Any and all DOCUMENTS, including job postings or requisitions, RELATING OR PERTAINING to the recruiting of prospective or potential employees for the Engage 360 campaign, including but not limited to the recruitment of Community Managers or Assistant Community Managers.

50.     Any and all DOCUMENTS showing, depicting, reflecting, PERTAINING or RELATING to the reasons that the Engage 360 campaign was terminated.

51.     Any and all DOCUMENTS, including but not limited to letters and electronic mail, sent by YOU (or by anyone acting on YOUR behalf) to PLAINTIFF from January 1, 2010 through present.

52.     Any and all DOCUMENTS that IDENTIFY all individuals who were TERMINATED by YOU due to lack of funding because the Engage 360 campaign was terminated.

52.     Any and all DOCUMENTS showing, describing, stating, or explaining that the Engage 360 campaign was fully funded.

53.     Any and all DOCUMENTS RELATING or PERTAINING the restructuring of the Engage 360 campaign.

54.     Any and all DOCUMENTS, including purchase orders, from any California public entity to you RELATING or PERTAINING to the Engage 360 campaign.

55.     Any and all payroll records or other similar DOCUMENTS RELATING or PERTAINING to PLAINTIFF during PLAINTIFF's employment by YOU.

56.    Any and all DOCUMENTS RELATING to any and all claims for unemployment insurance or disability benefits compensation made by PLAINTIFF in connection with PLAINTIFF's employment by YOU.

57.    Any and all DOCUMENTS RELATING or PERTAINING to any and all awards, honors or accolades received by PLAINTIFF while employed by YOU.

58.    Any and all DOCUMENTS of any kind RELATING to, PERTAINING to or supporting any after-acquired evidence defense that YOU intend to or are asserting in this action.

59.    Any and all DOCUMENTS RELATING to, showing or discussing the purpose or goals of the Engage 360 campaign.

60.    Any and all social media postings regarding or RELATING to the Engage 360 campaign.

61.    Any and all DOCUMENTS of any kind RELATING to the funding of the Engage 360 campaign.

DATED: November 15, 2012          **The deRubertis Law Firm, PLC**

By _____
David M. deRubertis, Esq.
Tyler F. Clark, Esq.
Attorneys for Plaintiffs
Brendan McPhillips, Leonard Sharlet,
John Brushwood and Evan Franco

- 14 -

**PRODUCTION DEMANDS, SET ONE, TO DEFENDANT DRAFTFCB, INC.**

1  David M. deRubertis, State Bar No. 208709
   Tyler F. Clark, State Bar No. 258309
2  **The deRubertis Law Firm, PLC**
   4219 Coldwater Canyon Avenue
3  Studio City, California 91604
   Telephone:    (818) 761-2322
4  Facsimile:    (818) 761-2323
   E-Mail: David@deRubertisLaw.com
5  E-Mail: Tyler@deRubertisLaw.com

6  Attorneys for Plaintiffs
   Brendan McPhillips, Leonard Sharlet,
7  John Brushwood and Evan Franco

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN FRANCISCO

10
   BRENDAN McPHILLIPS, an individual,    )  Case No.: CGG-12-524135
11 LEONARD SHARLET, an individual,       )
   JOHN BRUSHWOOD, an individual, and    )
12 EVAN FRANCO, an individual,           )  **SPECIAL INTERROGATORIES, SET**
                                          )  **ONE, PROPOUNDED BY PLAINTIFF**
13         Plaintiffs,                    )  **LEONARD SHARLET TO DEFENDANT**
                                          )  **DRAFTFCB, INC.; DECLARATION OF**
14    v.                                  )  **NECESSITY**
                                          )
15 THE INTERPUBLIC GROUP OF              )
   COMPANIES, INC., a Delaware Corporation;)  Complaint Filed:   September 12, 201
16 DRAFTFCB, INC., a Delaware Corporation; )  Trial Date:        None
   and DOES 1 through 50, inclusive,      )
17                                        )
         Defendants.                      )
18 _____

19 **PROPOUNDING PARTY: LEONARD SHARLET**

20 **RESPONDING PARTY:   DEFENDANT DRAFTFCB, INC.**

21 **SET NUMBER:          ONE (1)**

22      You are requested to answer the following interrogatories, separately, fully, in writing, and

23 under oath, and serve a copy of said answers no later than thirty days from the date of service of

24 this request.  Please furnish all responsive information that is presently available to you.

25      **SPECIAL INTERROGATORY NO. 1:** IDENTIFY the person who has the most

26 knowledge of the reasons that PLAINTIFF was TERMINATED ("IDENTIFY" or

27 "IDENTIFYING" means: (a) with respect to an individual, state the person's name, job title at the

28 time in question, employer and business address and telephone at the time in question, employer

- 1 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET**
**TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1  and business address and telephone at the time in question and dates of employment (if an

2  employee of YOURS), and current or last known employer, business address, and home address

3  and telephone; (b) with respect to a company, state the name of the company, the place of

4  incorporation of the company, and the address of the company's principal place of business; (c)

5  with respect to a DOCUMENT, state the names of the author or creator and the addressee, the

6  subject matter or title, the date of the DOCUMENT, its present location AND custodian, and, if

7  the DOCUMENT is an insurance policy or cover note, the policy number or cover note number;

8  (d) with respect to a meeting, state the date, location, and subject matter of the meeting, and

9  IDENTIFY the participants in the meeting; (e) with respect to an insurance claim, or notice of

10 potential claim, state the identity of the policyholder; and (g) with respect to a lawsuit, state the

11 names of the parties, docket number, court, and the current status of the litigation. "PLAINTIFF"

12 refers to, Leonard Sharlet, a Plaintiff in this action. "TERMINATE," "TERMINATE," OR

13 "TERMINATION" means the separation from employment by an employee of YOURS, whether

14 the employee is fired, terminated, laid-off, voluntarily quits, mutually agrees with YOU to leave

15 employment or any other end of the employment relationship).

16      **SPECIAL INTERROGATORY NO. 2:** IDENTIFY each and every person who had any

17 input into or participated in any way in the decision to TERMINATE PLAINTIFF, including but

18 not limited to those who made the actual decision and those who, directly or indirectly, supplied

19 information to the decision-makers.

20      **SPECIAL INTERROGATORY NO. 3:** For each and every person who had any input

21 into or participated in any way in the decision to TERMINATE PLAINTIFF, describe or explain

22 that person's role in the decision to terminate PLAINTIFF, including but not limited to whether he

23 or she made the decision to TERMINATE PLAINTIFF and/or supplied information upon which

24 the TERMINATION decision was based.

25      **SPECIAL INTERROGATORY NO. 4:** IDENTIFY any and all DOCUMENTS

26 reviewed, considered, used, read, or relied upon in the decision to TERMINATE PLAINTIFF

27 ("DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of

28

- 2 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1    all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic

2    recording, photograph, printing, tape, transcription of spoken language or other record of spoken

3    language, typewriting, writing or any other means as defined in Evidence Code §250, and includes

4    without limitation agreements, appointment books, bank statements, bills, books, business records,

5    facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries,

6    file cards, films, financial statements and reports, handwritten notes, including "post-it" or other

7    type adhesive notes, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of

8    telephone conversations, minutes, notes, notices, pamphlets, papers, pure orders, personnel records,

9    receipts, recordings, reports, telegrams and any other pertinent information set forth in written

10    language or any electronic representation thereof and any carbon or photostatic copies of such

11    material, if you do not have control over or possession of the original. "DOCUMENT" also includes

12    information stored by computer or on a computer disk, diskette, tape or card, as well as any

13    electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar

14    recording of words, images, sounds, pictures, or information of any kind. "DOCUMENT" also

15    includes any and all drafts of, and amendments, or supplements to, any of the foregoing, whether

16    prepared by you or any other person, as well as copies of the DOCUMENT that differ from the copy

17    being produced (e.g., a differing copy is one that contains handwritten notes, interlineation

18    underlining, and the like).)

19         **SPECIAL INTERROGATORY NO. 5:** State in full and complete detail all of the reasons

20    that PLAINTIFF was TERMINATED.

21         **SPECIAL INTERROGATORY NO. 6:** State in full and complete detail any and all facts

22    known to YOU at the time of PLAINTIFF's TERMINATION upon which YOU based YOUR

23    decision to TERMINATE PLAINTIFF's employment ("YOU" or "YOUR" as used herein shall

24    mean the party to whom this discovery request is directed, and, if the party to whom this request is

25    directed is an entity, it shall include any and all agents, officers, directors, employees, independent

26    contractors or other representatives of the entity to whom this request is directed).

27

28

- 3 -

SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY

1     **SPECIAL INTERROGATORY NO. 7:** Describe in full and complete detail all of

2  PLAINTIFF's job duties at the time of TERMINATION.

3     **SPECIAL INTERROGATORY NO. 8:** Did YOU represent to PLAINTIFF in connection

4  with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012?

5     **SPECIAL INTERROGATORY NO. 9:** If YOU represented to PLAINTIFF in connection

6  with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012,

7  IDENTIFY each and every DOCUMENT RELATING or PERTAINING to that representation

8  ("PERTAINING" and "RELATING," as used in this request, means evidencing, memorializing,

9  referring, constituting, containing, discussing, describing, embodying, reflecting, identifying,

10  mentioning, stating, or otherwise relating to in any way, in whole or in part, the subject matter

11  referred to in this request.).

12     **SPECIAL INTERROGATORY NO. 10:** If YOU represented to PLAINTIFF in

13  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

14  of 2012, IDENTIFY each and every person or individual employed by YOU that made such

15  representation(s).

16     **SPECIAL INTERROGATORY NO. 11:** If YOU represented to PLAINTIFF in connection

17  with his hiring or recruitment that Engage 360 was fully funded through at least the end of 2012, state

18  the date(s) on which such representation(s) was/were made.

19     **SPECIAL INTERROGATORY NO. 12:** If YOU did not represent to PLAINTIFF in

20  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

21  of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make

22  to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

23     **SPECIAL INTERROGATORY NO. 13:** If YOU did not represent to PLAINTIFF in

24  connection with his hiring or recruitment that Engage 360 was fully funded through at least the end

25  of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to

26  PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

27

28

- 4 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1   **SPECIAL INTERROGATORY NO. 14:** If YOU did not represent to PLAINTIFF in
2   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end
3   of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or
4   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the
5   funding for Engage 360.

6   **SPECIAL INTERROGATORY NO. 15:** For each and every statement(s) or
7   representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the
8   funding for Engage 360, state the date(s) on which such statement(s) or representation(s) was/were
9   made.

10   **SPECIAL INTERROGATORY NO. 16:** If YOU did not represent to PLAINTIFF in
11   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end
12   of 2012, describe in full and complete detail all statement(s) or representation(s) that YOU did make
13   to PLAINTIFF in connection with his hiring or recruitment regarding the funding for Engage 360.

14   **SPECIAL INTERROGATORY NO 17:** If YOU did not represent to PLAINTIFF in
15   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end
16   of 2012, please state in full and complete detail all statements or representations that YOU did make
17   to PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the
18   Engage 360 campaign.

19   **SPECIAL INTERROGATORY NO. 18:** If YOU did not represent to PLAINTIFF in
20   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end
21   of 2012, IDENTIFY each and every individual who made any statement(s) or representation(s) to
22   PLAINTIFF in connection with his hiring or recruitment regarding the anticipated length of the
23   Engage 360 campaign.

24   **SPECIAL INTERROGATORY NO. 19:** If YOU did not represent to PLAINTIFF in
25   connection with his hiring or recruitment that Engage 360 was fully funded through at least the end
26   of 2012, IDENTIFY each and every DOCUMENT RELATING to or describing any statement(s) or

27
28

- 5 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1  representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

2  anticipated length of the Engage 360 campaign.

3  **SPECIAL INTERROGATORY NO. 20:** For each and every statement(s) or

4  representation(s) made to PLAINTIFF in connection with his hiring or recruitment regarding the

5  anticipated length of the Engage 360 campaign, state the date(s) on which such statement(s) or

6  representation(s) was/were made.

7  **SPECIAL INTERROGATORY NO. 21:** IDENTIFY each and every person that was

8  TERMINATED by YOU because Engage 360 lost funding.

9  **SPECIAL INTERROGATORY NO. 22:** IDENTIFY any and all DOCUMENTS

10  reviewed, considered, used, read, or relied upon in the decision to TERMINATE any persons other

11  than PLAINTIFF because Engage 360 lost funding.

12  **SPECIAL INTERROGATORY NO. 23:** IDENTIFY any and all DOCUMENTS that

13  PERTAIN or RELATING to the funding of Engage 360.

14  **SPECIAL INTERROGATORY NO. 24:** IDENTIFY the person who has the most

15  knowledge of Engage 360's funding.

16  **SPECIAL INTERROGATORY NO. 25:** IDENTIFY each and every one of PLAINTIFF's

17  supervisors and/or managers during his employment with YOU.

18  **SPECIAL INTERROGATORY NO. 26:** Describe in full and complete detail each and

19  every communication, whether written or oral, made by YOU to PLAINTIFF in which YOU

20  criticized his work performance before his TERMINATION.

21  **SPECIAL INTERROGATORY NO. 27:** IDENTIFY all DOCUMENTS that show,

22  reflect, RELATE or PERTAIN to any and all communications, whether written or oral, made by

23  YOU to PLAINTIFF in which YOU criticized his work performance before his TERMINATION.

24  **SPECIAL INTERROGATORY NO. 28:** State PLAINTIFF's monthly earnings while

25  employed by YOU by date and amount.

26  **SPECIAL INTERROGATORY NO. 29:** State PLAINTIFF's annual earnings while he

27  was employed by YOU.

28

- 6 -

1     **SPECIAL INTERROGATORY NO. 30:** Describe (including by describing the value to

2   PLAINTIFF or the cost to YOU) each form of non-wage compensation or fringe benefit that

3   PLAINTIFF was entitled to receive or did receive while employed by YOU, including but not

4   limited to health or other insurance, stock options, bonuses, deferred compensation, retirement

5   benefits or other forms of non-wage compensation during his employment with you.

6     **SPECIAL INTERROGATORY NO. 31:** State each job position PLAINTIFF held while

7   employed by YOU.

8     **SPECIAL INTERROGATORY NO. 32:** For each job position that PLAINTIFF held while

9   employed by YOU, state the date(s) on which PLAINTIFF held the position.

10     **SPECIAL INTERROGATORY NO. 33:** Describe in full and complete detail the job

11   duties of Sarah Davis in effect in 2011 to present.

12     **SPECIAL INTERROGATORY NO. 34:** Describe in full and complete detail the job

13   duties of Jackson Taylor in effect in 2011 to present.

14     **SPECIAL INTERROGATORY NO. 35:** Describe in full and complete detail the job

15   duties of Jen Sokol in effect in 2011 to present.

16     **SPECIAL INTERROGATORY NO. 36:** Describe in full and complete detail the job

17   duties of Justin Calhoun in effect in 2011 to present.

18     **SPECIAL INTERROGATORY NO. 37:** IDENTIFY each and every person who

19   participated in the hiring or recruitment of PLAINTIFF.

20     **SPECIAL INTERROGATORY NO. 38:** For each and every person who participated

21   in the hiring or recruitment of PLAINTIFF, describe or explain that persons role in hiring or

22   recruitment of PLAINTIFF.

23     **SPECIAL INTERROGATORY NO. 39:** IDENTIFY any and all DOCUMENTS

24   reviewed, considered, used, or relied upon in the decision to hire or recruit PLAINTIFF.

25     **SPECIAL INTERROGATORY NO. 40:** State in full and complete detail any and all

26   representation(s) made by YOU to PLAINTIFF PERTAINING or RELATING to his employment

27   with YOU during the hiring or recruitment process.

28

- 7 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

**SPECIAL INTERROGATORY NO. 41:** IDENTIFY each and every person who made any representation(s) to PLAINTIFF PERTAINING or RELATING to his employment with YOU during the hiring or recruitment process.

**SPECIAL INTERROGATORY NO. 42:** IDENTIFY each and every DOCUMENT that describes, summarizes, constitutes or RELATES to any representation(s) YOU made to PLAINTIFF RELATING to his employment with YOU during the hiring or recruitment process.

**SPECIAL INTERROGATORY NO. 43:** For each and every representation(s) made to PLAINTIFF by YOU or on YOUR behalf to PLAINTIFF PERTAINING or RELATING to his employment with YOU during the hiring or recruitment process, state the date(s) on which such representation(s) were/was made.

DATED: November 15, 2012                          **The deRubertis Law Firm, PLC**

                                                  By _____
                                                      David M. deRubertis, Esq.
                                                      Tyler F. Clark, Esq.
                                                      Attorneys for Plaintiffs
                                                      Brendan McPhillips, Leonard Sharlet,
                                                      John Brushwood and Evan Franco

- 8 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1                         **DECLARATION OF DAVID M. DERUBERTIS, ESQ.:**

2          I, David M. deRubertis, Esq., hereby declare as follows:

3              1.      I am an attorney at the deRubertis Law Firm, PLC, an attorney of record for Leonard

4 Sharlet, a plaintiff in this action.

5              2.      I am propounding to Defendant DraftFCB, Inc. the attached set of specially

6 interrogatories.

7              3.      This set of interrogatories will cause the total number of special interrogatories

8 propounded to the party to whom they are directed to exceed the number of requests permitted by

9 Section 2030.030 of the Code of Civil Procedure.

10             4.      I have previously propounded a total of zero (0) special interrogatories to this party.

11             5.      This set of special interrogatories contains a total of forty three (43)

12 special interrogatories.

13             6.      I am familiar with the issues and the previous discovery conducted by all the parties

14 in this case.

15             7.      I have personally examined each of the questions in this set of interrogatories.

16             8.      This number of questions is warranted under Section 2030.040 of the Code of Civil

17 Procedure because of the complexity and the quantity of the existing and potential issues in this case,

18 and the expedience of using this method of discovery to provide the responding party the opportunity

19 to conduct an inquiry, investigation, or search of files or records to supply the information sought.

20 Furthermore, the Complaint alleges numerous acts against the Defendant, as well as issues of the

21 Defendant's liability for the acts of another.  Plus, Defendants will raise numerous affirmative

22 defenses.  This procedure is more expeditious that alternative methods of seeking this

23 information.

24             9.      None of the Requests is being propounded for any improper purpose, such as to

25 harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or

26 needless increase in the cost of litigation.

27

28

-- 9 --

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

1        I declare under the penalty of perjury under the laws of California that the foregoing is true

2    and correct and that this declaration was executed on November 15, 2012.

3

4                        David M. deRubertis, Esq.
                    Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

**SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF LEONARD SHARLET
TO DEFENDANT DRAFTFCB, INC.; DECLARATION OF NECESSITY**

DISC-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: |
|---|
| David M. deRubertis (SBN 208709) |
| Tyler F. Clark (SBN 258309) |
| **The deRubertis Law Firm, PLC** |
| 4219 Coldwater Canyon Avenue |
| Studio City, California 91604 |
| TELEPHONE NO.: (818)761-2322   FAX NO. *(Optional):* (818)761-2323 |
| E-MAIL ADDRESS *(Optional)*: David@deRubertisLaw.com |
| ATTORNEY FOR *(Name)*: Plaintiffs Brendan McPhillips, et al. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
Civic Center Courthouse
400 McAllister Street
San Francisco, California 94102

SHORT TITLE:  BRENDAN McPHILLIPS, et al. v. THE INTERPUBLIC GROUP OF COMPANIES, INC., et al.

| **FORM INTERROGATORIES — EMPLOYMENT LAW**  Asking Party: LEONARD SHARLET  Answering Party: DRAFTFCB, INC.  Set No.: One (1) | CASE NUMBER:  CGG-12-524135 |
|---|---|

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, Form Interrogatories—General (form DISC-001) and Form Interrogatories—Limited Civil Cases (Economic Litigation) (form DISC-004) may also be used where applicable in employment cases.

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____   _____
(DATE)                             (SIGNATURE)

**Sec. 4. Definitions**
Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

| Form Approved for Optional Use  Judicial Council of California  DISC-002 [Rev. January 1, 2009] | **FORM INTERROGATORIES—EMPLOYMENT LAW** | Legal Solutions Plus | Code of Civil Procedure,  §§ 2030.010–2030.410, 2033.710 |
|---|---|---|---|